(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

## Western District of New York

| | | |
|---|---|---|
| _Adam Bennefield Sr._ | ) | Case No. **24 CV 1064** |
| _Plaintiff(s)_ | ) | _(to be filled in by the Clerk's Office)_ |
| _(Write the full name of each plaintiff who is filing this complaint._ | ) | |
| _If the names of all the plaintiffs cannot fit in the space above,_ | ) | |
| _please write "see attached" in the space and attach an additional_ | ) | |
| _page with the full list of names.)_ | ) | |
| -v- | ) | **JURY TRIAL**: Yes _X_ No___ |
| | ) | |
| _Hon. William M. Boller, JSC_ | ) | |
| _Defendant(s)_ | ) | |
| _(Write the full name of each defendant who is being sued. If the_ | ) | |
| _names of all the defendants cannot fit in the space above, please_ | ) | |
| _write "see attached" in the space and attach an additional page_ | ) | |
| _with the full list of names. Do not include addresses here.)_ | ) | |

UNITED STATES DISTRICT COURT
FILED
**NOV 1  2024**
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

ADAM BENNEFIELD, SR.
                    Plaintiff,

                V.

HONORABLE JUDGE WILLIAM M., BIOLLERS, JSC
IN INDIVIDUAL AND OFFICAL CAPACITY
95 FRANKLIN STREET,
BUFFALO, NEW YORK 14202

HONORABLE JUDGE SHARON M. LOVALLO, JFC
IN INDIVIDUAL AND OFFICAL CAPACITY
1 NIAGARA PLAZA,
BUFFALO, NEW YORK 14202

ERIE COUNTY ASSIGNED COUNSEL PROGRAM
*438 Main Street*
*Buffalo, New York 14202*
_____
IN OFFICAL CAPACITY


A.D.A. RYAN D. HAGGERTY, ESQ.
IN INDIVIDUAL AND OFFICAL CAPACITY
25 DELAWARE AVENUE
BUFFALO, NEW YORK 14202


AD.A. GINA M. GRAMGLIA, ESQ.
IN INDIVIDUAL AND OFFICAL CAPACITY
25 DELAWARE AVENUE
BUFFALO, NEW YORK 14202

A.D.A. JUSTIN H. CALDWELL, ESQ.
IN INDIVIDUAL AND OFFICAL CAPACITY
25 DELAWARE AVENUE
BUFFALO, NEW YORK 14202

A.D.A. COLLEN CURT CABLE, ESQ.
IN INDIVIDUAL AND OFFICAL CAPACITY

*Defendants*
*PARTIES TO SUIT*
~~SUMMONS~~
CIVIL ACTION NO. _____

1

25 DELAWARE AVENUE
BUFFALO, NEW YORK 14202

DISTRICT ATTORNEY JOHN FLYNN
IN INDIVIDUAL AND OFFICAL CAPACITY
25 DELAWARE AVENUE
BUFFALO, NEW YORK 14202

ACTING DISTRICT ATTORNEY MICHAEL KEANE
IN INDIVIDUAL AND OFFICAL CAPACITY
25 DELAWARE AVENUE
BUFFALO, NEW YORK 14202

DETECTIVE MICHAEL STRIEJEWSKE
TOWN OF CHEEKTOWAGA POLICE DEPARTMENT
IN INDIVIDUAL AND OFFICAL CAPACITY
3223 UNION ROAD,
CHEEKTOWAGA NEW YORK 14227

ECMC (ERIE COUNTY MEDICAL CENTER)
IN INDIVIDUAL AND OFFICAL CAPACITY
468 GRIDER STREET
BUFFALO, NEW YORK1 4215

PRINCIPAL MELISSA MITCHELL,
CHEEKTOWAGA UNION EAST SCHOOL
    UNION ROAD
CHEEKTOWAGA NEW YORK 14227
IN INDIVIDUAL AND OFFICAL CAPACITY

ASST. PRINCIPAL STEPHANIE ANDERSON
CHEEKTOWAGA UNION EAST SCHOOL
    UNION ROAD
CHEEKTOWAGA NEW YORK 14227
IN INDIVIDUAL AND OFFICAL CAPACITY

ASST. PRINCIPAL JUIA HAMELS
CHEEKTOWAGA UNION EAST SCHOOL
    UNION ROAD
CHEEKTOWAGA NEW YORK 14227
IN INDIVIDUAL AND OFFICAL CAPACITY

RECEPTIONIST JANE DOE

2

CHEEKTOWAGA UNION EAST SCHOOL
    UNION ROAD
CHEEKTOWAGA NEW YORK 14227
IN INDIVIDUAL AND OFFICAL CAPACITY


RECEPTIONST JANE DOE,
CHEEKTOWAGA UNION EAST SCHOOL
    UNION ROAD
CHEEKTOWAGA NEW YORK 14227
IN INDIVIDUAL AND OFFICAL CAPACITY


SECURITY GUARD, JOHN DOE,
CHEEKTOWAGA UNION EAST SCHOOL
    UNION ROAD
CHEEKTOWAGA NEW YORK 14227
IN INDIVIDUAL AND OFFICAL CAPACITY

CHEEKTOWAGA UNION EAST SCHOOL
CHEEKTOWAGA UNION EAST SCHOOL
    UNION ROAD
CHEEKTOWAGA NEW YORK 14227
IN INDIVIDUAL AND OFFICAL CAPACITY


THE STATE OF NEW YORK
_____
_____
_____
IN  OFFICAL CAPACITY

ATTORNEY EMILY TROTT, ESQ
70 NIAGARA STREET
BUFFALO, NEW YORK 14202
IN INDIVIDUAL AND OFFICAL CAPACITY


ATTORNEY ROBERT CUTTING JR. ESQ.
17 LIMESTONE DRIVE SUITE 1
WILLIAMSVILLE, NY 14221
IN INDIVIDUAL AND OFFICAL CAPACITY

3

ATTORNEY PAUL DELL, ESQ.

_____

_____

_____

IN INDIVIDUAL AND OFFICAL CAPACITY

ATTORNEY CLAYTON LENDHART, ESQ.
17 LIMESTONE DRIVE SUITE 1
WILLIAMSVILLE, NY 14221
IN INDIVIDUAL AND OFFICAL CAPACITY

DR. ANN NATASHA CERVANTES
300 INTERNATIONA; DRIVE
WILLIAMSVILLE, NY 14221
IN INDIVIDUAL AND OFFICAL CAPACITY

SHERIFF JOHN GARCIA OF ERIE COUNTY HOLDING CENTER,
ERIE COUNTY HOLDING CENTER
40 DELAWARE AVENUE,
BUFFALO, NEW YORK 14202
IN INDIVIDUAL AND OFFICAL CAPACITY

CHEIF JEFFERY HARTMAN OF ERIE COUNTY HOLDING CENTER
ERIE COUNTY HOLDING CENTER
40 DELAWARE AVENUE,
BUFFALO, NEW YORK 14202
IN INDIVIDUAL AND OFFICAL CAPACITY

_____

SUMMONS

Date Summons filed: ___/___/_____ Plaintiff designated ERIE COUNTY as place of venue for this action

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve on Plaintiff an answer to the Complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

4

Papers to be served by/on Parties

1   Hon. Sharon M. Lovallo JFC
    Erie County Supreme Court
    One Niagara Plaza
    Buffalo, New York 14202

2   Hon. William M. Boller JSC
    Erie County ~~Bldg~~ Supreme Court
    25 Delaware Avenue
    Buffalo, New York 14202

3.  D.A.   John Flynn, Esq.
    (Acting) D.A. Michael Keane Esq.
    A.D.A   Ryan Haggerty Esq.
    A.D.A   Gina M. Gramaglia
    A.D.A   Justin H. Caldwell
    A.D.A   Colleen Curtin Gabel
    District Attorney's Office
    25 Delaware Avenue
    Buffalo, New York 14202

4.  Erie County Assigned Counsel Program
    403 Main Street, Suite 215
    Buffalo, New York 14203

5.     Erie County Medical Center
       462 Grider Street
       Buffalo, New York 14215

6.     @ Cheektowaga Union East School
       Principal Melvia Mitchell
       Asst. Principal Stephanie Anderson          ① Receptionist
       Asst. Principal  Julia Harrells [Harrells]   ② Receptionist
       3050 Union Road
       Cheektowaga, N.Y. 14225
       [Security Guard Oct. 3-4 2022
       [John Doe-Need Name

7.     Emily Trott Esq
       Attorney at Law
       70 Niagara Street, Suite 210
       Buffalo, New York 14202

8.     Clayton J. Lenhart
       Attorney at Law
       17 Limestone Drive, Suite
       Williamsville, New York 14221

9. Dr. Matasha Cervantes.
300 International Drive
Williamsville, N.Y 14221

10. 1st Cheektowaga Police Department (1)
2nd Detective Michael (1)
3223 Union Road
Cheektowaga, N.Y 14227

11. Town of Cheektowaga New York
3301 Broadway
Cheektowaga, New York 14227

12. x Attorney Generals Office
x
(2) x
x
x

13. Attorney Clayton J. Leadhart
Attorney at Law
17 Limestone Drive, St 1
Williamsville, N.Y 14221

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                          Adam Bernefield Sr.
All other names by which
you have been known:          Adam Bennfield
ID Number                     44965
Current Institution           Erie County Holding Center
Address                       40 Delaware Avenue
                              Buffalo            N.Y.        [14208] [14202]
                                  *City*          *State*        *Zip Code*

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
    Name                      Honorable William M. Boller JSC
    Job or Title *(if known)* Judge Erie County Supreme Court
    Shield Number
    Employer
    Address                   (95) 85 Franklin Street
                              Buffalo            N.Y.
                                  *City*          *State*        *Zip Code*
                              ☒ Individual capacity    ☒ Official capacity

Defendant No. 2
    Name                      Honorable Judge Sharon M. Lovallo, JFC
    Job or Title *(if known)* Judge Erie County Family Court
    Shield Number
    Employer
    Address                   95 Franklin Street One Niagara Plaza
                              Buffalo            N.Y.          14202
                                  *City*          *State*        *Zip Code*
                              ☒ Individual capacity    ☒ Official capacity

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name      _Erie County Assigned Counsel Program_
    Job or Title *(if known)*
    Shield Number
    Employer
    Address      _438 Main Street Buffalo_
         _Buffalo_      _NY_      _14202_
         City        State        Zip Code
    ☐ Individual capacity    ☒ Official capacity

Defendant No. 4
    Name      _Ryan D Haggerty Esq._
    Job or Title *(if known)*    _Assistant District Attorney_
    Shield Number
    Employer
    Address      _25 Delaware Avenue_
         _Buffalo_      _NY_      _14202_
         City        State        Zip Code
    ☒ Individual capacity    ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

**A.**    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

**B.**    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_Federal and State Speedy Trial rights, Brady, Giglio, CPL 245.20(1)_
_(a-u); First Amendment, Fifth Amendment, Sixth Amendment,_
_Fourteenth Amendment, Civil Rights Law 12, Equal Protection_

**C.**    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

**D.**   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Each defendant, has worked and conspired to violate defendant Plaintiffs rights under color of State Statue, ordinance, regulation, customs and usages)

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**A.**   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

From 2022 - present
Erie County Supreme Court, Erie County Family Court, Buffalo, Cheektowaga,

**B.**   If the events giving rise to your claim arose in an institution, describe where and when they arose.

Erie County Holding Center, from Oct. 2022 - present

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

C.  What date and approximate time did the events giving rise to your claim(s) occur?

Most recent October, 17, 2024

D.  What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)



Facts are stated seperately in typed complaint, in various courts, prior to court, at continuing hearing. Court records reflect same. Attempt to do trial by ambush, deprive and interfere with ability to present defense. The Court, the A.D.A's, defense canselors,

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.



Wrists were cut, loss wife, family, etc, property, splashed with hot water, assaulted, mental abused, etc~

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Seek a temporary injunction, preliminary injunction, declatory relief indicating outrageous conduct by defendants. Monetary 360,000,000 Total for all

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Erie County Holding Center._

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

_Dealing with Legal Mail held, Sypress and Legal Property_
_Access to Courts_

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

**D.**     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

**E.**     If you did file a grievance:

1.     Where did you file the grievance?

Erie County Holding Center.

2.     What did you claim in your grievance?

Denial of Access to Court, Interference with ongoing cases, confiscation of property

3.     What was the result, if any?

denied

4.     What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)

Grieved, appealed highest that they allowed me to.

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

**F.**     If you did not file a grievance:

     1.   If there are any reasons why you did not file a grievance, state them here:

     2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

**G.**     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

I've spoken to the Superintendents Phillips, Cap. Fran Kowiak, Dep. Amolia, Chief Hartmen, and various seargents. Even CVC Steff, who came by in October, 2024

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

**A.**    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

**B.**    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    _____

Defendant(s)    _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition.    _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    10/31/24

Signature of Plaintiff

Printed Name of Plaintiff    Adam Bennefield

Prison Identification #    44965

Prison Address    Erie County Holding Center 40 Delaware Avenue
                   Buffalo                 N.Y.          14202
                   *City*                  *State*       *Zip Code*

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Address    _____
           _____
           *City*        *State*        *Zip Code*

Telephone Number    _____

E-mail Address    _____

Print    Save As...    Add Attachment    Reset

In the United States District Court
For the Western District of New York

————————————— X

Adam Bennefield, Sr.
                    Plaintiff,

                                        DECLARATION

        vs.

                                        BENNEFIELD

Honorable Judge
William M. Boller, JSC.
Et al;                                  Civil Action No.
            Defendants

————————————— X

    Bennefield hereby declares:
    1. I attended the ~~before~~ Proceeding,
Check back hearing on October 17,2024,
with regards to Adam Bennefield. Case was
People of the State of New York v. Adam Bennefield
Ind. #73197-24/01 at the Erie County Supreme Court.

    2. I heard the fully colloquy that

took place between the Court, Counsel,
defendant and District Attorney.

3. I also observed that there were
two additional Caucasion individuals in
the Courtroom as well. The hearing took place
around eleven o'clock a.m. When defendants
Case was supposed to be brought before the
court. The proceeding was temporary postponed
from Starting, due to counselor Pell Dell,
Esq, being absent to the hearing. It started
when Counselor Paul Dell Esq came in, and
the Defendant was brought forth soon there
after to start the proceedings.

4. A argumentative debate took forth
between Defendant and Counsel Dell. As
defendant wanted to speak to the Court and
Atty Paul Dell, did not want him speaking.
At one Point defendant spoke to the Court,
telling the hon. Judge he had something to
Say. Court Judge Boller, chided the defendant
for speaking.

5. I observed defendant speaking more

prudently and urgently with the Counselor Dell. At one point, the Hon. Judge Boller again chided defendant, and chided his attempt at speaking with Atty Dell why the Court was speaking.

6. After numerous arguments and protests civily between Counsel Dell and the defendant. The Court finally relented, and asked attorney Dell if he wanted the defendant to speak. Attorney Dell reluctantly allowed defendant to speak.

7. I saw the defendant with numerous documents and he addressed the Court, saying numerous things, such as:

A. He was being denied Due Process
B. He was being denied Equal Protection
C. He was being denied the right to have a defense put forth in his behalf.
D. He was invidiously discriminated against due to a systematic failure including
(i) refusal of assigned counsel

to provide funds timely for
mental examine and transcripts

(ii) late mental examination,
due to Court and D.A's failure
to have defendant evaluated
knowing his mental state would
be at issue pursuant to Aker v.
Oklahoma.

E. Defendant protested about the
Certificate of Compliance being
complete defective, and that in
the Courtroom as evidence he had
another persons, Jeremy Griffins
more reliable Certificate of
Compliance (COC). I understood
as well that he had more evidence
and C.O.C. as well, gleaming from
Defendants Statements as proof.

F. Although the colloquy was
more in depth and Defendant
had much more to say, he
was shut down by the Court.
However, not before he explained
the many failures.

None of his allegations was countered with

any contentions of the falsity of his statements
by the Court, the People, not defense Counsel.

      8. Before the Conclusion of the
hearing the court spoke of its disgust with
the defendent and the pressure from Albany.
I recall statements like and or events said
like (By the Judge William H. Boller)

      A. You blew your wife's brains
         out in front of her kids

      B. Administrative judge in Albany
         wants this defendants case
         Conchuded and Closed.

      C. There will be no delay for
         any reason. We will start trial
         and picking Jurors in November.

      D. Counselor should've reived the
         deficiencies

      E. The Court viciously closed the
         hearing.

The Hon. Judge was angry, and was yelling at
the defendent and pointing at him why he
spoke to and at the defendant.

      9. The defendent, during these colloquies

that the Court and DA's are suppose to
have a dual roll, and not just convict but
see justice is done and defendents rights
are protected. But in this case, the Court
and DA's failed in their duties.

9. Defendant addressed the court,
speaking of late cell phone extraction over
16 months after purported crime that was
harmful to the defense, which was not addressed
by the Court or no one else. He raised numerous
violations to the Court, None of these violations
were addressed on the merits.

10. Even one such time, I heard Defendant
address the Court, stating their was misconduct
and the people are using the Counsel as a pawn
to thwart rights to appeal, To force the case
to trial, without preserving issues, or to late to
be effective. The Court was absolutely not happy
with defendents claims.

11. Defendant also stated their was
a pending lawsuit, and evidence would come out
that people are trying to hide, such as misconduct.

The only time the prosecutor spoke was of this point. Where the judge claimed it's not relevant (The wrongful death of Keaira Hudson) and asked the people their opinion of whether it was relevant, the prosecutor said no. Defense counsel said nothing in response.

12. If the transcripts and recording of this proceeding is produced and accurate. I'm sure it would reveal the complete truth, minus minute errors in reference to exact words was used.

I declare under penalty of perjury that the foregoing is true and correct. Executed at City of Buffalo, State of New York on 10/31/24.

In the United States District Court
For the Western District of New York
_____ X

Adam Bennefield, Sr.

                    Plaintiffs,                    COMPLAINT
                                                   CIVIL Action
        v.                                         No._____


Honorable Judge Erie County,
William M. Boller, JSC,
Individual and in Official
Capacity;

Honorable Judge, Erie County
Sharon M. Lovallo, JFC,
Individual and in Official
Capacity;

Erie County Assigned Counsel
Program, in official and
Individual Capacity;

1

A.D.A. Ryan D. Haggerty, Esq
Official and Unofficial Capacity

A.D.A. Gina M. Gramaglia, Esq
Official and Unofficial Capacity

A.D.A. Justin H. Caldwell, Esq
Official and Unofficial Capacity

A.D.A Colleen Curtin Cable, Esq
Official and Unofficial Capacity

District Attorney John Flynn
Official and Unofficial Capacity

Acting District Attorney Michael Keane (JHN FYNN/         )
Official and Unofficial Capacity.

Detective Michael Striejewske
Cheektowaga Police Department
In official and Individual
Capacity.

ECMC (Eric County Medical Center)
In official Capacity

                                              X
— — — — — — — — — — —

2

Principal Melissa Mitchell
Cheektowaga Union East
Individual and Official Capacity

Asst. Principal Stephanie Andrews
Cheektowaga Union East
Individual and official Capacity

Asst. Principal Julia Hamlu
Cheektowaga Union East
Individual and official Capacity

Receptionist Jane Doe
Cheektowaga Union East
Individual and Official Capacity

Receptionist Jane Doe
Cheektowaga Union East
Individual and Official Capacity

Security Guard, John Doe
Cheektowaga Union East
Official and Individual Capacity

3/25

The State of New York
official Capacity

Cheektowaga Union East
School, Official Capacity

Town of Cheektowa, Erie
County, official Capacity

City of Buffalo New York,
Erie County, official Capacity.

Attorney Emily Trott Esq,
Individual and official
Capacity

Attorney Robert Cutting Jr,
Esq, Individual and official
Capacity

Attorney Paul Dell, Esq,
Individual and official
Capacity

Attorney Clayton Lenhardt, Esq,
Individual and official
Capacity

4

Dr. Ann Natasha Cervantes
In official and unofficial
Capacity

Sheriff John C Garcia
In Unofficial and Official
Capacity

Chief Jeffery Hartman
Grievance Coordinator, Erie
County Holding Center in
Unofficial and Official
Capacity
_ _ _ _ _ _ _ _ _ _ _ _ X

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by
42 U.S C. Section 1983 to redress the
deprivation, under color of State law, of rights
secured by the Constitution of the United States.
The Court has jurisdiction under 28 USC 1331 and
1343 (a) (3). Plaintiff seeks declatory relief
pursuant to 28 USC Section 2201 and 2202.
Plaintiff's claims for injunctive relief are authorized

4     5

by 28 USC Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. The Court has supplemental jurisdiction over plaintiff's State Law claims under 28 U.S.C Section 1367.

2. The Western District of New York is an appropriate venue under 28 USC section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II PLAINTIFFS

3 Plaintiff, Adam Bennefield Sr, is and was at all times mentioned herein, resided in the State of New York, Erie County. He is currently confined in Erie County Holding Center, Erie County, State of New York.

## III DEFENDANTS

4. Defendants, Honorable William M. Boller, JSC is the Judge of Erie County Supreme Court, Administrative Judge, handling and Presiding over People v. Adam Bennefield, the defendant, Ind. # 73197-22 /001 and is responsible for overall operation of this case He is sued in his individual and official capacity.

5 6

5. Defendant, Honorable Sharon M. LoVallo, JFC is the Judge of Erie County Family Court, handling and presiding over Parallel Case, In Matter of Adam Bennefield Jr., Docket # V-10500-22, Docket # NA-10624-22 et al and is responsible for overall operation of theiscases. She is sued in her individual and official capacity

6. Defendant, Erie County Assigned Counsel Program, is the overseer operation of Assigned Counsel in Erie County under its jurisdiction. Assigned Counsel Program is sued in its official and unofficial capacity.

7. Defendant, the State of New York, is responsible for overseeing all of there employees paid by the State, State sponsored program, and oversees criminal and family court cases. New York is sued in its official capacity.

8. Cheektowaga Union East, Defendant, is responsible for overall operation of the Principals, Assistant principals, Clerks, Receptionist and welfare of their students. Cheektowaga Union East, is sued in its official capacity.

7
6

9.    Defendant, Melissa Mitchell, Principle of Union East of Cheektowage [or Jane Doe], is responsible for the welfare of Students, and oversees the Schools Staff. She is sued in her official and unofficial Capacity

10.   Defendant, Assistent Principals of Cheektowaga Union East, Stephanie Anderson [Jane Doe] and Julia Hamels [Jane Doe], is reponsable for the welfare of Students, and oversees the schools Staff and welfare of Students. She is sued in their official and unofficial capacity.

11.   Defendant, Security guard [John Doe] of Cheektowaga Union East, is responsible for the welfare of Staff and students. He is sued in his official and unofficial capacity.

12.   Defendant, Town of Cheektowaga, is responsible for the overall operation of Town of Cheektowage employees and residents under its jurisdiction. Town of Cheektowage is sued in the official Capacity.

13.   Defendant, The City of Buffalo, is responsible for the overall operation of the City of buffalo, employees

7          8

and residents of the City of Buffalo, Buffalo City, is being sued in its official capacity.

14. Defendants, Attorney Emily Trott Esq and Attorney Robert Cutting Jr. Esq, under assigned Counsel Program, And to the Indigent Person, in their capacities, they failed to perform duties by law as counselors in Erie County representing the defendant in his criminal and Constitutional proceeding rights. Trott and Cutting Jr. Esqs are both sued in their official and unofficial capacity.

15. Defendant, Attorney Paul Dell Esq., retained Counsel, in his capacity failed to Protect defendants Constitutional, fundamental, Statutory rights in the criminal proceeding, Erie County. He is sued in both official and unofficial capacity.

16. Defendant, Attorney Clayton J Lenhardt, Esq, attorney at law, failed to Protect defendant Constitutional, fundamental rights, Statutory rights, human rights, civil rights in civil case In matter of Adam Bonnefield, in family Court, Erie County. He is sued in both official and unofficial capacity.

14.1  Defendant Attorney Emily Trott Esq, under assigned counsel program, And to the indigent person, in their capacities, oversee the representation of Plaintiff, failed to properly perform duties by law as counselors in Erie County representing the defendant in his criminal and constitutional proceeding rights. They failed to protect his constitutional rights, civil rights and were ineffective counsel. Emily Trott Esq, is sued in her official and unofficial capacity.

14.2.  Defendant Attorney Robert Cutting Jr. Esq under assigned counsel program, And to the indigent persons, in their capacities, oversee the representation of Plaintiff, failed to properly perform duties by law as counselors in Erie County representing the defendant in his criminal and constitutional proceeding rights. They failed to protect his constitutional rights, civil rights and were ineffective counsel. Robert Cutting Jr. Esq, is sued in her official and unofficial capacity.

17. Defendants Ryan D. Haggerty, Esq. Attorney ADA and ADA Gina M. Cramaglia, Esq. Attorneys, acting on the behalf of the People, Erie County Criminal Court, failed to perform duties based on clearly established Federal, State Constitutional provisions, Civil Rights Law, Statutory Law. They both are sued in their official capacity and unofficial capacity.

18. Defendants, ADA Justin H. Caldwell Esq., ADA Colleen Curtin Gable, Esq., Attorneys, acting on the behalf of the People, Erie County Criminal Court failed to perform duties based on clearly established Federal, State Constitutional provisions, Civil Rights Law, Statutory Law. They both are sued in their official and unofficial capacity.

19. Defendant, Acting District Attorney Michael Keane (D.A. John Flynn) acting on the behalf of the People, Erie County Criminal Court who trains, supervises/created a policy custom under which Plaintiffs Constitutional rights were violated, was grossly negligent and did not supervise the subordinates and he failed to remedy the violation based on clearly established Federal, State Constitutional provisions, Civil Rights Law,

9

Statutory laws. They both are sued in their
official and individual capacity.

20. Defendant Michael Striejewske , Dective,
Cheektowaga Police Department Town, and/or
Town of Cheektowaga, in individual and
official Capacity.

21. Defendant, Erie County Medical Center, CPEP
CPAP of Erie County, in official Capacity.

22. Erie County Bar Association (ECBA),
Defendant, Erie County, failing to properly train,
Supervise employees, allowing unconstitutional
policy or custom to continue in their official
Capacity; due to the failure of its employees.

23. Each defendant at all times mentioned
in this complaint, acted under color of State law.

## III. FACTS

24. Relevant herein, upon information and
belief since Sept. 28, 2022, a physical
altercation took place between the Plaintiff

and his wife, after her infidelity. This infidelity, spawned from her keeira Benndicd, staying out all night with her paramount/secret lover. Upon her and him conversing, text and phone evidence of same came out. Defendant/Plaintiff in this case, requested she not come home due to his violative mental state. That she should find else wheres to live, with her person she was having an affair with. However she came home + argument and altercation ensued. Plaintiff for the third time since meeting and being with his wife, decided he no longer wanted to live.

25. He was sent to CPAP/CPEP due to being un repensive, drunk, and a danger to his wife by way of 911. His wrists were cut as well. The video system Plaintiff installed in the house was used and a copy of the existing video of the incident streamed online by his wife.

26. Upon being released from CPAP/CPEP, after the Hospital, ECMC CPAP/CPEP was told not to let him out by his parents. They let him out, knowing he had priviously had a mental breakdown one year earlier, and was admitted multiple days.

27. No charges were filed, however after Plaintiff inform the court of what took place. His wifes infidelity, drinking while driving and whipping their 6 month old person, which he had videos of her whipping him and slapping and beating her children, his step children. That they had a "altercation" and that he needed a restraining order. One was issued, a lawful order, to be honored as State and Federal Law.

28. Plaintiffs children however, were used as a for of blackmail and ransom, after plaintiff got out of CPEP/CPAP at ECMC in his behalf, By family court. A previous refrain from TOP, was already active against his wife several months earlier.

29. The Plaintiff, allegedly demised his wife, around October 5, 2022, after allegedly getting kicked out the courtroom days earlier. The Criminal Case against Plaintiff, People v Adam Bennefield, has went on for over two years (Indictment against Bennefield, multiple charges) The presiding Judge, is Hon. William M Boller, JSC, Erie County.

12

30. Under Hon Boller, JSC, Plaintiff has complained about his right to discovery and Pretrial transcripts as well as ineffective counsel. Even with Plaintiffs numerous written and oral request to a fair trial. The Courts have allowed the violations of a fundamental right to be infringed upon. Failures which has violated Plaintiffs fundamental to a fair trial, dueprocess, Statutory right to discovery, Equal Protection in the Court 2 ed to punish the Plaintiff for the allegations and political and public pressure for a conviction.

31. Hon, Boller, JSC, knowing his rights are and were being violated, at the last court hearing of Oct. 17, 2024, at Erie County Supreme Court, After numerous protestation, Hon, Boller, JSC asked Counsel if he wanted Plaintiff to address the court, but not before berading the Plaintiff, Plaintiff after arguing with Counsel let him speak. Especially after Plaintiff said he had the right to address the court. Upon speaking, Plaintiff reiterated his claims written to court and all parties, with reference to Ineffective Assigned Counsels Emily Trott, Esq and Robert Cutting Jr. who worked under Assigned counsel Program. Plaintiff alleged Counsels blamed Assigned Counsel for their failures

not to supply transcripts [ as well as the Court, blamed
Assigned Counsel Program ]. This was addressed in
court, by Plaintiffs Pro-Se motion. The people did
not chime in on the violation.

32. Counsel Emily Trott and Robert Cutting
Jr., Co-counsels, deprived Plaintiff of discovery
Brady Material, Giglio Material, All sections of
newly enacted law CPL 245.10 et seq, their consultation.
For the same reasons, they also deprived the Plaintiff
the right to be timely examined by psychiatrist etc
closest to the time of the alleged crimes by the defendant/
here in the Plaintiff. A simple CPL 730 meeting was
not done, although clearly Defendant/Plaintiff was
defunct upon arrest. Their failure has jeopardized
Plaintiffs case, caused Constitutional violations and
statutory rights as well. Both Counsels were representing
the Plaintiff for a little over 1 year, And deprived him a speedy Trial.

33. Upon information and belief, attorney
Paul Dell, Esq, was sand bagging on his duties as
Counsel for defendant. He was negligent by untimely
addressing obvious deficiencies in the trial process.
Counsels failure, deprived the defendant the ability
to get unconstitutionally obtained information

15

Suppressed. To get information, the people are
required by law to obtain pursuant to Brady, (syllo)
(PL 245.20(1) (a-4). Thereby curtailing the
defendant/Plaintiff from asserting and/or timely
asserting his rights. Some of these issues are
a Federal and State constitutional provisions violations
such as:

    A. Ineffective Assistance of counsel
    B. Invidious Discrimination
    C. Speedy Trial violation under State Standards
    Federal Standards and State States, then
    Federal and State Constitution, Due Process.
    D. Denial of the timely right to assert a defense.
    E. Failure to move to contest Search warrants.
    F. Failure to challenge defective warrants and
    Supporting papers.
    G. Failure to follow through on ineffective counsel
    of Emily Trott and Robert Gutting Jr., with
    their similar and obvious deficiencies.
Counsel Dell was advised of these errors in Feb. 2024,
he took no steps to protect Plaintiff rights.

    34. Plaintiff put together a list of 60 known
missing discovery, only three were addressed. These
deficiencies directly effected his rights to defend

against the snow allegations against the plaintiff.

35. Upon information and belief, Counsel Paul Dell, Esq, was given, an ultimatum, to sandbag the defendant/Plaintiff and slow down and thwart any attempt to help. Otherwise, he would be looked down upon, looked over, and given less favorable ruling, deal with other clients. Nonetheless, defendant/Plaintiff rights were being sacrificed, for any reason, was an absolute blockade on the ability to defend the Plaintiff.

36. Counsels Trott and Cutting Jr. deficiencies, came the same as PaulDells. Yet, Trott and Cutting Jrs deficiencies fell to Attorney Paul Dell to repair.

37. Upon information and belief, then William M. Toller has participated in not making defendants, constitutional rights be protected, to ensure a fair trial. Defendant/Plaintiff has had to assert his own rights, when counsel failed to do so. Plaintiff gave counsels the opportunity to fix the problems. When they failed he, Plaintiff

addressed the problems to Hon. William M.
Boller, J.S.C., giving the Court the opportunity
to address the complaints on the record,
with these constitutional abridgements. However,
his last attempt to speak to the court, Plaintiff
on October 17, 2024, before Hon. Boller,
Plaintiff was chided, and even being aware
of these obvious violations and deficiencies
with Counsel's failures, discovery, Brady, Giglio, material,
sister proceeding / parallel proceeding material,
transcripts, mental examination, Hon. Boller stated
these claims should've been addressed by counsel.
before this Court hearing. After which, the Court
reminded the people, defense counsel, friends and
family who were in the Courtroom and spectators that
regardless of any rights violation, the trial will
continue, will not be altered, delayed nor prevented.

38. Plaintiff herein, also requested the missing
discovery, and asked it be brought before the court
and to the defendant as well as counsel for the record.
Plaintiff informed the court he had COC's that were
fairer from other defendants, in same Erie County Court,
by Erie County ADA's office in court, for the Courts
acceptance and review in comparison to Plaintiff's

defective COC (Certificate of Compliance), then Boller refused to review information and evidence, even though neither defense counsel nor the two ADAs denied nor objected in any sense to the truth or falsity of his statements and evidence. Upon information and belief, Hon. Boller was impartial, bias and interested in the outcome but uninterested in a fair constitutional trial, before his court. It is also obvious, there was intentions of keeping the record clear of any evidence supporting any claim by Plaintiff and his conduct of officials and outrageous conduct of detectives, ADAs defense counselors, and other civilians and Judicial personnel, that unfairness, is transferred to any other judge under his banner, as he's the Chief administrative judge and theres pressure from political agencies to get a conviction, and keep the record devoid and clear of real truths, rather than false narratives, meant to bring about a illegal conviction.

39. The Hon. Judge Boller in his capacity as a judge and personal objectives has not only allowed conduct of others, that is unbecoming, to be performed deficiently in his courtroom

even after the advent of Plaintiffs undisputed claim; by letter in 2023, orally in 2023, and orally in 2024 for various fundamental deficiencies that went to the heart of the ability to obtain a fair trial, the truth seeking function and fact finding process for the victims and alleged crimes by the Plaintiff, then Judge Buller, for all intensive purposes has violated the appearance of impartiality and fairness, but has exhibited actual impartiality, bias and has become a co-conspirator in violating Plaintiffs rights; and attempting to force Plaintiff to trial with compromise defense, Sabotaged defense, intentional, deliberate, and without the complete tools proper for fair adversarial testing, as required for Federal, State Due Process, Equal Protection, and fair trial rights; right to present witness in his favor for his defense.

40. Honorable Sharon M Lovello, JFC of Erie County, has as well been impartial and bias, and appearance of fairness, partiality has been violated. Her complicity with the People and D.As office, with different agencies, and judges she has supervised, have colluded, upon information and Belief to deprive Adam Benefield Jr. away from the paternal side of his family. In violation of

of Adam Jr's right, Grandparent rights and Adam Jr's rights. To prevent his ability to defend, punish the paternal side of the family for Plaintiff alleged crimes. Her challenges to judge Hon. Lovallo fitness and impartiality, she's used other judges under her umbrella, to enforce hers and the DV agencies version of events.

41. Upon information and belief, Hon. Lovallo, working with other Court officials have concocted techniques to void and bypass defendant/Plaintiff rights constitutionally. By holding proceeding in chambers. Officially telling Counsel to supply Plaintiff with transcript and dis covery, Yet off the record having Counsel Lendhart, delay discovery, not provide discovery nor transcript to prevent the records from being expanded, deprive defendant/Plaintiff with the tools to dispute allegations and be aware of the under pinnings of the mis conduct allegations. Her bias, has been further content, with her conspiracy with Hon. William M. Boller of Erie County Supreme Court as well.

42. Upon information and belief, to prevent Plaintiff from expanding the record and showing illegal acts, mis conduct, biases and impartiality ..

The District Attorney Office, in Consultation with the Agencies involved in this case, consulted, Ex-Parte, and off the record. To prevent certain facts from coming out, and testimony from witness, being exposed prematurely. This was another Circuitous method of bypassing the Plaintiffs right to address the Court as well as produce witnesses, Same as Hon. Boller has done All to Defendants Detriment.

43. Petitioner/Plaintiff also tried to file a motion, but with the Court pro-se and position, it blamed the motion for transcripts, discovery, visiting rights etc. on a unconstitutional practice of banning Pro-Se litigants who have counsel. This practice custom, is used to circumvent evidence coming to light, and challenges based on documentary proof.

44. Counselor Clayton Lockhart, assigned counsel followed suit, and either refused to respond to request for discovery and transcripts and/or just did not provide all of it/none of it to deprive Plaintiff from asserting his constitutional rights to be appraised of the charges, the basis and underpinning of allegations, claims, evidence. Counsel never provided

Plaintiff with any documentation, ever. All to continue the conspiracy with Judicial personnel, upon information and belief, and succuming to the political, judicial, and domestic violence agencies, and with other defendants in this complaint.

45. Upon information and belief, Erie County Assigned Counsel Program, designed after Gideon v. Wainwright and Griffin v. Illinois, is for indigent defendants. Lawyers are assigned and are to give effective assistance. They are to train, supervise, use effective policy and customs, that all were lacking in this case. Attorneys Emily Trott, Esq., Robert Cutting Jr. Esq., and _____ Lenhart, Esq. and other attorneys representing the Plaintiff in this matter, Assigned Counsel Program allowed such practices to continue, and even refused to respond to Plaintiffs requests. Assigned Counsel Program, refused to provide transcripts for both family court and criminal court based on the cost of transcripts, individuals discrimination and Equal Protection violation + and timely mental examination, even though explicitly needed.

46. Upon information and belief, for one

year, between Oct. 6, 2022 when Tortt and Guthry Jr.
were purported to be assigned to Oct. 31, 2023;
and Clayton Ledbert, Esq from about Oct. 6, 2022 -
present; Assigned counsel program refused to
properly over see counsels representation, and allowed
the policy, customs of not challenging missing
discovery, Brady, Giglio, Rosario, Batley, Watt,
Ulard, material by CPL 245. 20(1)(a-u); CPL
245.20(1)(a-4) and not challenging detective COL's
and speedy Trial violations as was violated in
this case under Due Process, Equal Protection. This
in the wake of many reversals was not only prejudicial
but catastrophic to Petitioner/Plaintiff and other
cases. Here with the Public outcry, Political
pressure, judicial pressure, the Assigned Counsel
collaborated with Judge Boller, the D.As office,
and counselor, to allow the conviction to be
found without adequate protections and safeguards
for the Plaintiff with obvious deficiencies in the
peoples case -

47. The State of New York, is responsible
for, upon information and belief, the funding of
Towns, Cities, Schools, and Protection of its citizens.
The State of New York also receives federal funding.

In the States capacity, they failed to prevent acts of malicious nature by their failures, Including, the Judge Hon Boller, Esq, JSC; Sharon M. Lovello, JFC, and its agents' Knowing these individuals and agencies and defendants refuse to follow constitutional mandates for Plaintiffs right to Due Process, State of New York failed to properly train and utilized a policy and customs of depriving defendant/Plaintiff to have a fair trial with the necessary tools to fight his case. The State of New York allowed wrongful, reckless, negligent, deliberate acts of its employees, discretionary or not, depriving Plaintiff of his constitutional rights, civil rights, fair proceeding rights.

48. The State of New York employees, acting under color of State law, violated Federal law, working with their co-conspirators to blackmail, the plaintiff with physical, emotional, psychological coercion pre-alleged crimes and post-alleged crimes to bring out a conviction v Plaintiff, a mentally ill man was an emotional disturbed individual, was unjustly manipulated, in order an attempt to coerce him to committing a crime, that the People could

charge more serious, then the misdeamnor charges filed. Due to a media Blitz, political pressure, DOJ agencies pressure, and public outcry, thus overzealous zeal to prosecute plaintiff in a weakened, fragile state, outrageously, fundamentally flawed and using plaintiffs kids as a bargaining tool, as a way for plaintiff to protect them, by requiring him to turn himself in, for charges that had been yet to be filed. A violation of his and his childrens fundamental rights, due process rights, and right to be left alone family cherished rights.

49. Upon information and belief, the State of New York State agents and employees, in the wake of massive number of school shootings and mass killings jeopardized the Children of Cheektowaga Union East, when the Detective Michael Striejewskie of Cheektowaga Police department by his use of his position to blackmail use four or five other people to violate criminal statues under State Law and Federal Law, on active Temporary Restraining Order, active in three courts issued against the Victims Keaira Bearefield, Plaintiffs loved late wife.

Two orders in Cheektowaga Court, one order in Family Court. The People of the State of New York, then refuse to provide evidence of same, and transcripts to pervert justice, due to the misconduct and high profile nature of this case.

50. Upon information and belief, the Prosecutors office, in conjunction with A.D.A's Ryan D. Haggerty, Esq; Gina M. Gramaglia, Esq; Justin Caldwell, Esq; Colleen Curtin Gable Esq; District Attorney John Flynn Esq; Acting District Attorney Michael Keane Esq; working collectively, and individually. Have worked collectively and refused to provide legally required clearly established Plaintiff need for Brady, Giglio, Vilardi, Rosario, Ulett, Bexley Material, CPL 245.10 et seq; CPL 245.20 (1)(a-u); CPL 245.20 (1)(k,q-vii) to the defendant in clear violation of Equal Protection, Due Process Right, to fair trial, to present witness in his behalf and/or favor, to present a defense, forcing ineffective assistance of counsel, under clearly established Federal, State US and NY Constitution Statues, Civil rights. These actions were done under the color of State.

51. The Prosecutors office, and aforementioned defendants named in the above paragraph 50, actions were deliberate, calculated to deceive the the defendant, the Court, the Public, the victims as alleged and were working with family Court Hon Sheena M. Loudle, Hon. William M. Boller, both Erie County Judges, and other defendants in this case to hide Police misconduct, Judicial misconduct, by suppressing all information favorable, exculpatory in nature, and selectively use evidence needed that is altered, to fit their narrative for conviction, and deprive Plaintiff of his rights to a fair trial, to wit, without challenge from Counsels, has been effective Since charges were filed, till the eve of trial, and if after conviction to avoid scrutiny, acting under color of State Law.

52. The Plaintiff, at Court hearing of Oct. 17, 2024, culled evidence to show illegal conduct of the Prosecutors office, failure to follow clearly established Due Process and Equal Protection Law with regard to their discovery obligations, providing evidence of same in court. To wit multiple detainees Actual Certificate of Compliances,

Each of which contained the legal requirements
of Evidence under CPL 245.2.1 (1)(a-vi); CPL 245.20
(1)(k)(i-vii), Brady, Giglio Rosario, Boxley, Ward,
Ulett and Discovery violations. The Prosecutors
office staff name above paragraphs 50-51. The
Counselors Paul Dell Esq., Clayton Lenahart Esq.,
Emily Trott Esq., Robert Cuttiny Jr. Esq., Honorable
William M. Boller, JSC, collectively and independently
refused to enforce these legislative enactments,
prescribed by mandates, all allowed only a
perfunctionary and rituelistic challenge under
an Omnibus Motion, in Feb, 2023. These counselors
and Judges, acting under the color of State law,
In a conspiracy to convict Plaintiff, and force
a trial where he is an unarmed participant
in a sporting event, without the benefit of
effective counselors, reliable evidence, and
proper challenges with zeal by Counsels as
Plaintiffs Champion as the Constitutional
mandates.

    53. These defendants, upon information and
belief, skillful in their arts, have used
effective techniques such as hide and seek with
evidence, to quell Plaintiffs and outside inquires

Into this case. Plaintiffs attorneys, the four above mentioned in paragraph 52, independently and collectively delayed filing motions, all motions have been viraciously and negligently untimely. Specifically have filed requests, motions of a standard nature was late or not filed (Speedy Trial, Due Process, denial of a defense, Suppression of evidence) directly meant to sabotage the Plaintiffs case before a true tribunal, not Kangroo court could make sure mode of proceeding were properly conducted in this case. These deprivations were conducted under the color of State law, meant to be denied through complicity, and circumvention through circuitous methods. Such as suppressing of favorable evidence, limiting instructions to obscure evidence, defenses and arguments. All ritualistic and used to give the surface appearance of fairness, in actuality anything but fair, appearance or even actual fairness.

54. Upon information and belief, the District Attorney John Flynn Esq and Acting D.A. Michael Keane, were and aware of the custom and practice of suppression of evidence by the A.D.A's in Erie County. In this high profile case their failure to train,

supervise these AD/Ts, has allowed the AD/Ts to
trample over Plaintiffs Statutory, Civil, Federal and
State Constitutional rights to due Process, Equal Protection,
Fair trial, Speedy trial, discovery. All while
acting under the Color of State law through zeal
to punish.

55. Upon information and belief, Detective
Michael Striejewske of Cheektowaga Police Department
and Town of Cheektowaga, Illegally and unlawfully
Blackmailed Plaintiff, acting to deprive an Emotionally
Disturbed Person to turn himself in on uncharged
crimes, in order for him to enforce a TRO by family
Court and Refrain from Order from Cheektowaga, both
active, against Keara Bennefield. A stay away order,
issued against Keara Bennefield was violated by the
Detective and his cohorts, whom the Courts had
Legally determined to be a danger to Plaintiff
and their children. Plaintiff, fearing for their safety,
turned himself in under the illegal Blackmail,
ransom by this detective, under the belief he would
be able to protect his kids against his wife.
Plaintiff not only came to the Court without Counsel
with his Parents to the Police Station and adjacent
Courts, so he could keep his kids Safe. Upon being

obtained in the Cheektowaga County. That Judge also
agreeded the restraining order was effective from
Family Court, and reinforced the same order. Only
making the modification that Plaintiff stay away from
his residence, and take their children elsewhere.
Crawford hearing was set in the near future to
challenge Plaintiffs removal from his domicile with
the kids.

56.    Upon information and belief, Plaintiff
Soon went to the school, to pick up the kids a little
shy of 3pm, to make sure they did not go to
the domicle where his wife, Keira Hudson Benefield,
his late wife. However, the school refused to abide
by the court order. Stating he could not pick them
up as normal, pursuant to his late wife Keira
Benefields instructions. The order of Protection was produced
to the Cheektowaga Defendants in Cheektowaga Common
East, they refused to abide by clear court order,
While acting under the color of law. They instead
called the school officer, who refused to call the
Cheektowaga Court, at Plaintiffs request, rather he
called his friend, the detective on his private
cell phone, and then on conference call in the School
Conference room. To with he cajoled the Cheektowaga

School to violate the order of Protections, and send them back to the late Keira Benefield who had an active restraining order to stay away from Adam Benefield Sr. and all of the children that lived at their domicile. After plaintiff abided by the Detectives blackmail and ransom scheme, he reversed his part of agreement, leaving Plaintiff enraged, and allowing the children to go to the Person who was legally not allowed to be before nor in possession of their children.

57. Upon information and belief, the Complicitors and conspirators, fundamentally put the school Students and Staff in a possible dangerous situation, without the aid of a controlled environment. Especially in the advent of mass shootings and school Massacres. Even the Tops shooting where plaintiff First Cousin, police officer Aaron Salter, whom plaintiff went to the funeral, had pictured with the Governor, Hoyer, is missing from discovery and Exculpatory material was killed. This outrageous Conduct, meant to enrage coerce Plaintiff to commit a crime so as to punish Plaintiff for a felony, due to the publicity from a purported video of the altercation, between Plaintiff and his late wife, Keira Benefield, where their children were either not present, the youngest who was four

33

rooms away, and only six months old at the time, the other two were in Cheektowaga Union East schools. The officers and detectives creative zeal to punish Plaintiff for the incident Plaintiff was arrested and released from, violated Federal and State Penal laws, constitutional laws, statutory laws, Civil Rights laws, while acting under the color of State law, Not only allegedly had disastrous effects with the loss of Maria Benefields life, but apparently could've had disastrous results in the school. This is a violation of Due Process, was outrageous conduct meant to inflict mental turmoil, on an already mentally afflicted individual in a fragile mental state.

58    Upon information and belief, after the alleged murder, that the Plaintiff is alleged to be the perpetrator. The people working with the Police department of Buffalo Searched Plaintiff lower apartment, under the guise of a constitutional Search and Seizure. In reality to the Contrary it was a search seize and destroy + ourable evidence in Plaintiffs behalf in the nature of Brady, Gates, Rosero, Vlardi, Ulett, Bexley, CPL 245.10(1)(a-u), CPL 245.20(1)(e)(1-vii), and Same is applicable to all other Search Warrants in this case. Including electronic

evidence in phone records, media accounts, email
accounts, electronic storage devices and mediums, etc,
even divorce papers plaintiff previously half filled
out, videos of wifes whipping their (6 month baby and
year of older children, by head, and items
thrown at them. The people have this evidence,
but have intentionally suppressed and/or destroyed
so as not to show the danger of the victim
towards their kids and even plaintiff himself,
Including her assaults on him.

59. Based upon information and belief, if
any trial is had, and jury convinced, plaintiff
committed such acts, the Jury would also, if before
them consider the imputus or actus rea, or mens
rea, would've been in plaintiffs behalf, and would've
been initiated by Detectives, and numerous
deficiencies, failures, and misconduct, through
a chain of events from misconduct, creative acts
by the people and overzealousness and zeal to
convict, through Black mail of fundamental right
to be left alone, secure in home, work, school,
family life by the whims of individuals acting
under the Color of State law, who are impartial. Their
convincing of others to break the law, to inflame
plaintiff and suppress favorable evidence, testimony.

60. Upon information and belief, the People working in concert with defense counsels for the Plaintiff, have used counsels as a tool to avoid calling witnesses to support the Plaintiffs claims. In a letter to the People and Attorney Paul Dell Esq, and the Court, Plaintiff complained of his rights to witnesses. However he was told, by counsel, he would not call any witnesses except maybe an expert, against Plaintiffs explicit rights and direction.

61. Upon information and belief, Plaintiff fights to Compulsory Process, to have witnesses in his favor, to have evidence brought for in and for his defense. This technique, shrouded in smoke and mirrors, is done under the guise of Strategy and tactics by multiple defense counsels, acting under the Color of State law in Criminal and Family Court, Erie County. However, in order to obtain a conviction, counsels refuse to obtain any evidence in the Parallel cases / Sister Cases in Family Court Erie County with Sharon M. Lovallo and her agents; Criminal Court, Erie County Supreme Court, Hon. William M. Boller, Cheektowaga Town Court, Erie County, all dealing with Plaintiff wife Kenna Bennefield, late wife, and

36

the Plaintiff. These violations are being done under
color of State law, as well as the complicity.

62. Upon information and belief, Temmie
Hudson, pending Administratix of the Estate of
the Late Kenira Benenfield has filed suit against
multiple agencies and town defendants in
Index No. 814386/2024, contending misconduct
and wrongful death. Plaintiff is a defendant,
and when Plaintiff advised the Court, The People
and Defense Counsel Paul Dell Esq regarding this
new, Parallel and Sister Case, and how pursuant
to the People duty to disclose were required
to produce Said information, and that it was directly
relevant due to the allegations. They thwarted
such belief, and when Plaintiff addressed the
Hon Boller, JSC, in regards to the relevancy. The
Judge asked the ADA, after he stated he didn't
think it was relevant, if the ADA thought it was
relevant. They said no, of the honorable Judge
Boller prompt to agree. Counsel Paul Dell, Stood
Silent, and left Plaintiff to fend for himself, as
he acted as a nominal attorney, in name and
title only. Any Misconduct falls under by law and
Brady material and is new law, under CPL 245.10
(1) (K) (i-vii). This is done while these parties were

acting under the color of State law, in derogation of Plaintiffs clearly established law and Equal Protection of law, with made of procedures violations impinging on the integrity of the judicial oversight and system.

63. Upon information and belief, in order for this scandal and conspiracy to continue, Hon. William M. Boller JSC, Erie County, working in concert with the District Attorney's office, Cheektowaga Town Court, Erie County Family Court, at the last hearing on October 17, 2024, with Plaintiff's family in the courtroom, knowing and being advised of Plaintiff, that Discovery was missing, (Brady Material, Giglio Material, Bady Alert, Vitards, Rosario, Alert material was missing, transcripts request timely made in two cases, in two courts the assigned counsel program, Plaintiff being denied a proper and timely mental examination based on allowable, not culled from illegal and complete suppressable information, Due Process, Fair trial, Equal Protection violation. Hon. William Boller working with his co-conspirators responded to Plaintiffs complaints, in a Stern, powerful pose, prophaced that!

Counsels should've raised these issues earlier.
That in any event, regardless of these
Violations, under no circumstances would
the Trial be postponed, changed, delayed.
That a trial will begin immediately after
a 2 day at most jury selection; That the
Chief Administrative Judge in Albany wants
this case completed Immediately.

This was done under the color of State Law.

64.  Upon information and belief, the Hon. Beller,
J.S.C, continued to berate and become a Judicial
witness against Plaintiff Stating, paraphrated:
"You took a gun out, crashed into your
wifes vehicle, pulled her out, blew her
brains out in front of her kids, with
pieces of blood and guts over them"
This testimony against the Plaintiff in open court
showed his impartiality, bisiness, and that he could
not be an arbiter nor referee of a trial fairly.
Hon Beller, by this Statements, reflected Appearance
and Actual appearance of impropriety, under the Kolor
of State Law.

65.  Upon information and belief, this is

not the first time. Hon Boller claimed pressure from
Albany to conclude this case, regardless of constitutional
violation. On Feb 14, 2024, transcripts obtained by an
attorney reflected that not only has Plaintiff's
speedy trial been violated, as of Feb 14, 2024.
But even the District Attorney's office took the
same position in their Motion to Preclude Psychiatric
testimony, by notice of Motion, and orally in Court.
Collusively, Counsel took no point to take advantage
and advocate zealously for speedy trial violation orally
and written anytime thereafter to Oct, of 2024, Even
with Plaintiff's numerous request and information
provided to Paull Dell Esc. This was done by
all aforementioned parties, and defendants while
acting under the Color of State Law.

66. Upon information and belief, the
Plaintiff, was intook into ECMC, CPAP/CPEP
on Sept 28, 2021, by the Police, due to mental
illness, alcohol consumption and being a danger to
others and himself, an EDP by way of MHL
9.41 Instead of keeping plaintiff based on his
history of Mental illness for 25 years, his entry
into CPEP/CPAP almost (1) year earlier, due to
a psychotic breakdown and being a danger to himself
and others, involving his late wife's infidelity, or

so he believed. Plaintiff parents told ECMC staff not to let Plaintiff out, He was to unstable. Without permission from his family or lee wife, Jessica Benefield, to hold him longer. They let Plaintiff out, prior to two days, less then 72 hours. Due to Plaintiffs hurting, they could've held Plaintiff for any number of reasons, even more than 72 hours. Their policy, customs, etc were not followed and Plaintiff suffered further injury, and according to the people, demised his lee wife in front of their children If the policy customs were followed, they were known ineffective practices customs, written or oral. ECMC was liable for any actions purported and found by a jury to have committed any such acts. In violation of Plaintiffs Constitutional, Civil rights and was malpractice, all allegedly in Erie County

66. Upon, information and belief, the Plaintiff on the previous CPAP admittance, at ECMC Stayed for three days, threatening harm of himself and others, thus this was not an isolated mental ailments and ECMC Staff were aware of Plaintiff hurting, while their staff were acting under the customs and practices of ECMC hospital.

67. Hence, upon information, and belief according to the allegations Plaintiff killed his

wife in a mental illness state, when he/she/they
been held in the Mental CPAP/CPEP. Due to the
negligence, failure to train, failure to supervise,
wrongful, unprofessional, reckless, neglectful, and
the Defendants ECMC Policy and Customs, Plaintiff
is alleged to have committed heinous crimes.

68. Upon information and belief, the Defendant
Ann Marietta Cervantes, if she wrote a mental report,
which based on observations of a person, determined
parts were written by different people, from different
points of time, and collaced to make it seem like she
wrote it. If it was truly written by her or not, there
was a conflict of interest, thus malpractice, gives
her bias and impartial report, According to her
Dossier, she not only worked for ECMC previously,
but under the assigned counsel program, where
Emily Trott Esq, and Robert Cutting Jr. Esq, and
Robert or Clayton Lenhart worked for and he
attempted to fire, the Plaintiff, to prevent them
from representing him. Thus, she wouldn't had
an interest in concocting a scenario, to identify
her constituents at ECMC, and assigned counsel
program, and defend them as well. Certainly, she
couldn't be seen representing favorably, the accused
in this highly charged, public, political case is a

Carnal venue, Any favorable report would possibly, by all appearances Jeopardize her career as a Dr, and medical professor, (a) profesor and her private practice. Thus she would have had reasons to cover up not only the misconduct of the other defendants, But hinder petitioned ability to get a timely Fair tried, by such late report, while discrediting any witnese of witnesses in his behalf.

69. Upon information and belief, on the other hand, if she did not write the report, Detendant Dr. Cervantes, and/or it was modified by a Secondary, intervening party, before it reached Plaintiffs hands. Then, it would also indicate sabotage of Plaintiffs defenses and evidence, to prevent favorable witnesses from being heard by the trier of fact finders.

70. Based upon information and belief these Deficiencies, in either case would not only be monumous, but further evidence of Due Process violation, Equal Protection violation, Right to fair trial, right to compulsory proces, and other panoply of Federal and State Constitutional Provisions and Clearly established law. This would in either case

amount to a conspiracy between any one of the defendants, or multiple defendants to prevent a scandal and the truth and facts relevant to guilt, innocence or other factors averted directly or indirectly within these moving papers.

71. Defendant, Sheriff John C Garcia, and seperately Chief Jeffery Kestoner, of Erie County Holding Cntr, both are employees, agents of Erie County. In their supervisor role, they have the responsibility to oversee their subordinates.

72. Defendants Sheriff Garcia, of Erie County, has allowed the Plaintiffs right to access the courts to be infringed upon, by taking the Plaintiff legal work, refusing to give Plaintiff enough time in the Law Library. This either written and/or unwritten policy, is allowing these unconstitutional policies and/or customs. The defendant, Sheriff Garcia, has been grossly negligent in failing to adequately supervise the subordinates who has taken Plaintiffs property, legal documents needed for multiple active cases. With regard to the Law Library affecting Plaintiffs right to access the courts and petition the court for redress of grievances and due process. The Sheriff Garcia, defendant knew or should have known the

policy of limited Law Library access, it is insufficient to adequately allow plaintiff to defend against Civil allegations in multiple County Criminal charges, and filing documents with the court, further that only one hour a week, would be insufficient to meet these needs, nor two or three hours a week to file, edit, research, and file timely document properly for courts consideration, at No fault of Deputy Brennen nor Deputy Drumick, who are bound by red Tape.

73. Based upon information and belief, the Defendant, Sheriff Garcia, of Erie County, have been aware of this deficiency in the Law library program and inadequate access to the County, As a Supervisor, he knew of this deficiency and failed to inform, train, subordinates on policies designed to avoid Violation of Constitutional rights, or fix defective policies, customs and practices, written and/or oral.

74. Chief Hartman, Defendant, directly was aware under his Supervisor role, and is deliberately indifferent of Plaintiff need to access the court timely need to have his legal documents, need of free copies, and Special access to the Law Library and materials, He also was aware, with the limited access the need to

have all cases necessary in cell, given missing Law Library sometimes weekly at a time, Plaintiffs property was taken, reviewed, upon information and belief shared with defense counsel, the A.D.A, under the color of State Law. Both Garcia and Kaitman, has acted as a long arm of the prosecution. He is directly suing of the attorney client relationship being violated by the copying and disseminating of Plaintiffs confidential mail. The copier machine is used to copy and send information to the People as well. Plaintiff has been in touch with Chief Kaitman and complained numerous times through internal complaint Grievance procedures, exhausting his administrative remedies, to the highest level. However, Kaitman has refused to take action, to address these deficiencies and also Plaintiff has spoken with Paul Bell regarding his complaints, and that he needs to file motions, not Petitioner/Plaintiff and that the Courts allow this faulty through waiver to be excused from Constitutional requirements. This procedure, working in concert with the Prosecutorial office, to circumvent Plaintiffs rights under Constitutional, Statutory, civil rights to prevent a defense, has and is part of an ongoing conspiracy, while they

46

act under the color of State law to Sabotage
Plaintiffs ability to defend against heightened
allegations.

75. Upon information and belief, the
Plaintiff informed Chief Kertman, about the limited
access to law library, ineffective counsel problems
no carbon paper. Kertman refuses to rectify
their unconstitutional deprivations, and refuses to
give free copies. Thus instead, forces copies lengthy
instead of carbon paper, in the advent of limited
access, Petitioner cannot get timely copies,
enough time to type documents legibly.
One such motion was refused by the Erie County
Supreme Court, according to Honorable Butler
because he "couldn't read them", Pro se filed
Motion for transcripts heard in about April 2003.

76. Upon information and belief, Chief
Kertman is working with the Erie County District
Attorney Office, and other Co-defendants to
frustrate legal proceedings, and prevent timely filing
under the color of State law.

# IV. EXHAUSTION OF LEGAL REMEDIES

77. Plaintiff used the Grievance procedure available at Eric County Holding Center to try and solve these problems dealing with ECHC. The grievances and complaints relating to this suit, Plaintiff has used or attempted to use every level of appeal. Plaintiff property with active legal documents, grievances, complaints, decisions is within these document and Property, that ECHC and their cohorts confiscated, refuses to return in an arbitrary, capricious unreasonable decisions in deciding which documents to give, when, where, how to provide them, after its filtered through, in their GJ secret location of his property, Choices made unilaterally.

78. With regards to any other claims herein, based on information and belief, all parties involved, defendants otherwise not stated, there is no plain, adequate or complete remedy at law to redress wrongs. Therefore, with time being of the essence, the Defendants being in tandem through complicity to prevent exhaustion of legal remedies in Eric County Supreme Court William M. Boller, JSC, Eric County Supreme Court Sharon M. Lovello

JFC, Judge of Cheektowaga Court, have prohibited petitioner/plaintiff from filing and/or litigating clear ineffective counsel violations, systematic failures of the State under and through invidious discrimination and Equal Protection violations thru William M. Boller, JSC requiring Plaintiff to go though Counsels to file motions, to address the courts where Pro-Se motion was sent through mail was not filed with court, and in the records. Circumvention of adequately addressing issues and handling the motion to counsels Trott and Cutting Jr, defendants in this case. Similarly similar procedure was used in family court, by the Court Denying all Pro-Se motions, to prevent appeals and preservation and exhaustion.

77. Upon information and belief, and exhaustion not effectuated, is being precluded by family and Criminal Court of Erie County Ruling. The Plaintiff in this case, is being denied his rights by the collaboration of Co-conspirators, to prevent adequate, fair trial, judicial processes, and the people putting hundreds of School Children at risk due to police acting with and under the direction of Detective and Cheektowaga Court, to Violate clearly established Federal and State Fundamental

rights to due process. Thereby, through these avenues, the Defendents were attempting to hide, suppress clear and unequivical Misconduct by all the Defendents. These Violations in this case are structural, procedural and urged by the people to hide these violations.

80. Upon information and belief, the Defendents can only hide this evidence of clear misconduct by forcing a trial and suppressing all favorable evidence, and evidence leading to other evidence. A reviewing Court would only review exhausted issues and claims. Which the people used defendant/Plaintiff own counsels to retard, chill, frustrate, impede, thwart preservation issues till the Courts precludes, and forces successive retrial, after destruction and manipulation of evidence favorable to the accused. Thereby, any motion would be claimed to be futile, bypassing preservation under the Guise of Plaintiffs attorneys defense tactics and strategies. Thus each issue, must be deemed exhausted.

## VI. LEGAL CLAIMS

81. ⁻ Upon information and belief, as a result of the wrongful, reckless, negligent, and careless acts and/or omissions of the Defendents Plaintiff has sustained significant damages, including but not limited to unconstitutional detainment, pain and suffering, psychological damages, mental and emotional pain and suffering, lost wages, loss of future support and services, economic loss, and according to the People, wrongful death of his loved wife, Keaira Bennefield, loss of his son, family, step children [Plaintiff specifically pleads the 5th U.S. Const. Amend, on causing his wife's death in front of his children]

82. Plaintiff realleges and incorporates by reference, paragraphs 1-67.

83. The clear violations of misconduct, suppression of evidence, denial of access to the court, frustration of legal procedures, indifference to medical/Mental needs, unsafe practices, Violation of Plaintiffs Statutory rights, Constitutional Rights, Civil rights, violations of the clearly established Federal and State Constitutional amendments, Statutory law, Civil Rights Law. Including, Plaintiff Adam Bennefield, Sr. rights and violated United States Constitution, First, Fourth, Fifth, Sixth, Eighth, Fourteenth; Right to petition the goverment for redress of grievences; Right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to searched, and the persons or things to be seized; Nor shall any person be subject for the same offense to be put twice in jeopardy of life or limb, nor shall be compelled in any criminal case to be a witness against himself, nor deprived of life, liberty, or

property without due process of law; Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted; No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction equal protection of the law. N.Y.S Constitutions almost identically incorporates the federal constitution in this paragraph, Article one, sections five, six, eleventh, fourteenth; Civil Rights Law 8 and 12 (eight and twelve) the other statues and laws averred to directly, indirectly which falls under the federal and State Constitutional provision to Due process and Equal Protection.

'84. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will be continue to be irreparably injured by the conduct of the defendents unless this court grants the declaratory and injunctive relief which plaintiff seeks.

# VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiffs:

85. A declaration that the acts and omission described herein violated plaintiffs rights under the Constitution and Laws of the United States.

86. A declaration that the acts and omissions described here in violated plaintiffs rights under the Constitution and Laws of New York, under Supplemental Jurisdiction, etc.

87. A declaration that the acts and omissions described here in are considered and determined to be outrageous government conduct that "shocks the Conscience" in violation of Plaintiffs Due Process Rights Federal and N.Y.S. Constitutional Provisions and Civil States stated and/or averred to.

88. A preliminary and permanent injunction

No. 01849 -2022 entitled People of the State of
New York vs. Adam Bennefield, Erie County
Supreme Court; Family Court Docket No. NA-10624-22
V-10500-22, et al, Erie County Family Court, entitled
In Matter of Adam Bennefield Jr, et al.

89. The basis for the preliminary jurisdiction,
is without this Courts help, Plaintiff will be forced
to Trial without witnesses in his behalf, without a
defense in his behalf, without effective assistance in
his behalf, without due process in his behalf
exceeding the bounds of speedy trial, and there
would be a manifest injustice, miscarraige of
justice and violation of Plaintiffs fundemental
Constitutional rights. The Court, in conjunction with
the other defendents of Erie County, are using
trial by ambush an is an ongoing, illegal
practice by the defendent and money damages
will not fix his injuries, alone. Without this
Courts help, Plaintiff ability to defend at trial
and Plaintiff would be irreparably harmed. Upon
trial before this Court, Plaintiff would likely proceed
and succeed at trial before federal Court. Plaintiff
will suffer more if the injunction is denied, than
the defendent will suffer if it is granted. Further,

4 58.

that prevents the Defendants, Honorable William
M. Boller, JSC, Erie County; Honorable Sharon
M Lovello, JFC, Erie County; District Attorney John
Flynn (Acting District Attorney Michael Keane) of
Erie County, their successors in office, agents
and employees and all other persons acting in
concert and participation with, from [enjoined
from] taking any further action, prosecution on
Indictment No. 73197-22/001, ECDA Legacy
No. 01849-2022 entitled People of the State of New York
vs Adam Bennefield, Erie County Supreme Court;
Family Court Docket No. NA-10624-22, V-10500-
22, et al, Erie County Family Court, entitled In
Matter of Adam Bennefield Jr, et al

90   Plaintiff seeks a Temporary Restraining
Order, preventing the Defendants, Honorable William
M. Boller, JSC, Erie County; Honorable Sharon
M. Lovello, JFC, Erie County, District Attorney John
Flynn (Acting District Attorney Michael Keane) of
Erie County, their successors in office, agents
and employees and all other persons acting in
concert and participation with, from [enjoined
from] taking any further action, prosecution on
Indictment No. 73197-22/001, ECDA Legacy

a preliminary injunction will serve the public interest in the Truth-Seeking function and fact-finding process, exposing the outrageous governmental conduct, and foster respect for the integrity of judicial processes and checks and balance system.

91.  For the Same reasons the Plaintiff Seeks a permanent and preliminary injunction, Paragraphs 73-75, the plaintiff realleges and incorporates by reference into the Request for a TRO (Temporary Restraining Order) against the Defendants in Paragraph 73-75 Hon. Lavelle, JFC, Hon. Bailey, JSC; D.A. Flynn (Acting D.A. Michael Keane) and each of their officers, agents, employers, and all persons acting in concert with or participation with them, waiting for a preliminary injunction would result in immediate and irreparable injury, loss and damage. All further proceedings under Inde. # 73197-22/001, ECDA Legacy # 01849-2022; People v. Benefield; Court docket # N/A-10624-22, V-10200-22 et al, of Erie County must be ceased and desisted immediatly, to preserve evidence, testimony, rights, Discovery, Brady materials, Giglio Material, the Right to a fair trial before a fair tribunal, and to prevent Spoilation of evidence and further conspiratorial

acts of outrageous governmental conduct, a Due Process violation, including circuitorious methods.

92. Plaintiff seeks a preliminary injunction and temporary restraining order against Erie County Sheriff John Garcia, and Chief Hartman Erie County Holding Center and each of their officers, agents, employers, and all persons acting in concert with or participating with them requiring them to return defendants/Plaintiffs property including legal documents, motion paper work, cases, privileged correspondence and work products, etc, taken from plaintiff, on about 6/26/24; to stop interference with access to the courts, including but not limited to copying of plaintiffs legal mail, privileged correspondence, requiring plaintiff to be given at least ten (10) hours weekly access to the courts, through Law Library access; Allow Plaintiff to sendout legal and other documents with family visitors to attempt to meet court deadlines, requiring the court to allow free legal copies, postage, special handling cost to meet their court deadlines, imposed in conjunction with parallel proceedings, sister proceedings.

93. Plaintiff seeks a preliminary injunction requiring the Hon. William M. Boller, JSC, from forcing trial to begin without due Process and Equal Right Constitutional protections, against clearly established federal and State constitution and laws, which would result in irrevocable harm to defendant and the interest and integrity of the Justice system and government.

94 Plaintiff seeks a preliminary injunction against the Defendants Hon. Sharon M. Lavallo, requiring the court to inform the Court why they've punished the children alleged to have been victimized, and defendants parent, the children Paternal Grandparents, from seeing each other, inviolation it clearly established federal and State Constitutional Amendment and decisional laws, punitively, maliciously, capriciously and a complete abuse of discretion.

95. A preliminary injunction against Acting D.A. Michael Keane, D.A. Frank Clark, All A.D.A's involved with this case, Hon. William Boller all of Erie County, to bring forth evidence

why in violation of Equal Protection Rights and Due Process rights, the People and Court failed to provide defendant with the Discovery, Brady, Giglio, Rosario, Vilardi, Bagley, Ubett, Ch etc. (i) (k) (i-vii ); CPL 245.20(1) (a-u); CPL 245.10 et. seq., and allowed such perversion and frustration of judicial processes by treating Plaintiff, Adam Bennefield, and his rights to listed above, is treated completely unequal to other defendants in Erie County. Petitioner/Plaintiff COC (certificate of compliance), plaintiff has accumulated various other defendants COC's, but the Court, and Plaintiff attorney's refused to put it before the court for comparison and addressing why plaintiff cannot get the same treatment of other defendants, when addressed before the Court October 17, 2024, by Plaintiff without the benefit of his counsel that was on the side of Plaintiff. Plaintiff was left to address the above by himself instead of Atty Paul Dell as his champion. The Court, and the People failed in their dual role as well to protect Plaintiff rights. No Justification was give, with the exception, counsel should be raised them earlier.

96. A preliminary injunction and declaratory judgement explaining that Plaintiff is entitled to the Protection of Due Process and Equal Protection. The U.S. Constitution, NYS

Constitutional provisions and civil rights laws
require that whether a defendant/Plaintiff had
a heinous crime charges against him, or not,
he is still entitled and its required under
Due Process and Equal Protection, to be provided
with Equal treatment of laws, available
defenses, Statutory laws and equal treatment.

97 Compensatory damages in the amount
of $ 5,000,000 against each defendant,
jointly and severally.

98 Punitive damages in the amount of
$ 10,000,000 against each defendant, jointly
and severally.

99. A jury trial on all issues triable by
jury.

100 Plaintiffs' cost in this suit

101. Any additional relief this court deems just, proper, and equitable.

Dated: _Adam Benefield_ Oct 22, 2024

Respectfully Submitted
Adam Benefield, 44965
Erie County Holding Center
40 Delaware Avenue
Buffalo, New York 14202


VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged to be on information and belief, and, as to those, I believe them to be true. I certify perjury and penalty of perjury that the foregoing is true and correct.

Executed at Buffalo, and New York
on October 22, 2024

_Adam Benefield of plaintiff_

63-1

# EXHIBIT LIST

A.        TOP, Stay way from Issued against Defendants Wife

B.        TOP Refrain from against Defendants Wife

C.        Indictment against Adam Bennefield

D.        Intro letter assigning Emily Trott Esq.

E.        Transcripts dated 4/11/23

F.        Pro-Se Motion for Transcripts

G.        Letter from Defendant to Court and Counsels Discovery violations dated 2/7/24

H.        Letter from Defendant to Court regarding counsels inffectiveness dated 9/5/24

I.        Letter from Clayton Lendhart dated 8/23/23

J.        Letter from Clayton Lendhard dated 11/3/23

K.        Family Court No Pro-Se filings

L.        Plaintiffs Pro-Se motion for discovery, transcripts, visiting rights etc;

M.        Letter dated dated 7/11/24 to assigned Counsel Program

N.        Transcripts dated 2/14/24

O.        Untimely Omnibus motion by Assigned Counsel Emily Trott and Co-Counsel Cutting Jr.

1

P.          People COC, Adam Bennefield, dated November 29, 2022

Q.          People COC, Jeremy Griffings COC

R.          Sample Omnibus Motion

S.          Transcipts of Cheektowaga Proceeding, Unavailable, People wont provide

T.          Laawsuit Wrongful Death lawsuit

U.          Feb 13, 2024 Transcripts

V.          Motion to Preculde CPL 250.10 late notice

W.          Police 9.41 Complaint

X.          Purported, Dr. Natasha Cervantes psychaitrist report

Y.          Dr. Natash Cervantes Dossier

Z.          Plaintiff Pro-Se Motion for Transcripts dated 3 / 23 / 23

AA.         Altered Transcripts by the People

AB.         PRO-Se Motion for

In the United States District Court
For the Western District of New York

———————————————————————— X

Adam Bennefield, Sr.

         Plaintiff,

                     COMPLAINT
                     CIVIL Action

      V.               No.

Honorable Judge Erie County,
William M, Boller, JSC,
Individual and in Official
Capacity;

Honorable Judge, Erie County
Sharon M, Lovallo, JFC,
Individual and in Official
Capacity;

Erie County Assigned Counsel
Program, in official and
Individual Capacity;

1

A.D.A. Ryan D. Haggerty, Esq.
Official and Unofficial Capacity

A.D.A. Gina M. Gramaglia, Esq.
Official and Unofficial Capacity

A.D.A. Justin H. Caldwell, Esq.
Official and Unofficial Capacity

A.D.A Colleen Curtin Gable, Esq.
Official and Unofficial Capacity

District Attorney John Flynn
Official and Unofficial Capacity

Acting District Attorney Michael Keane (JOHN FYNN/DA.    )
Official and Unofficial Capacity.

Detective Michael Striejewske
Cheektowaga Police Department
In official and Individual
Capacity.

ECMC (Erie County Medical Center)
In official Capacity

X

Principal Melissa Mitchell
Cheektowaga Union East School
Official and Individual Capacity

Asst Principal Stephanie Anderson
Cheektowaga Union East School
Official and Individual Capacity

Asst. Principal Julia Hamel
Cheektowaga Union East School
Official and Individual Capacity

Receptionist Jane Does
Cheektowaga Union East School
Official and Individual Capacity

Receptionist Jane Doe
Cheektowaga Union East School
Official and Individual Capacity

Security Guard, John Does
Cheektowaga Union East School
Official and Individual Capacity

25

The State of New York
official Capacity

Cheektowaga Union East
School, Official Capacity

Town of Cheektowa, Erie
County, official Capacity.

City of Buffalo New York
Erie County, official Capacity

Attorney Emily Trott Esq,
Individual and official
Capacity

Attorney Robert Cutting Jr,
Esq, Individual and official
Capacity

Attorney Daryl Dell, Esq
Individual and official
Capacity

Attorney Clayton Lenhardt, Esq
Individual and official
Capacity

3

Dr. Ann Natasha Cervantes
In official and unofficial
Capacity

Sheriff John C. Garcia
In unofficial and Official
Capacity

Chief Jeffery Hartman
Grievance Coordinator, Erie
County Holding Center in
Unofficial and Official
Capacity

————————————————— X

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by
42 U.S.C. Section 1983 to redress the
deprivation, under color of State law, of rights
secured by the Constitution of the United States.
The Court has jurisdiction under 28 USC 1331 and
1343 (a) (3). Plaintiff seeks declatory relief
pursuant to 28 USC Section 2201 and 2202.
Plaintiff's claims for injunctive relief are authorized

by 28 USC Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. The Court has supplemental jurisdiction over plaintiffs State Law claims under 28 U.S.C Section 1367.

2. The Western District of New York is an appropriate venue under 28 USC section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II PLAINTIFFS

3. Plaintiff, Adam Bennefield Sr, is and was at all times mentioned herein, resided in the State of New York, Erie County. He is currently confined in Erie County Holding Center, Erie County, State of New York.

## III DEFENDANTS

4. Defendants, Honorable William M. Boller, JSC is the Judge of Erie County Supreme Court, Administrative Judge, handling and Presiding over People v Adam Bennefield, the defendant, Ind. # 73197-22/001 and is responsible for overall operation of this case. He is sued in his individual and official capacity.

5. Defendant, Honorable Sharon M. Lovallo, JFC is the Judge of Erie County Family Court, handling and presiding over Parallel Case, In Matter of Adam Bennefield Jr., Docket # V-10500-22, Docket # NA-10624-22 et al. and is responsible for overall operation of these cases. She is sued in her individual and official capacity.

6. Defendant, Erie County Assigned Counsel Program, is the overseer operation of Assigned Counsels in Erie County under it's jurisdiction. Assigned Counsel Program is sued in its official and unofficial capacity.

7. Defendant, the State of New York, is responsible for overseeing all of their employee's paid by the State, State sponsored program, and oversees Criminal and Family Court cases. New York is sued in its official capacity.

8. Cheektowaga Union East, Defendant, is responsible for overall operation of the Principals, Assistant principals, Clerks, Receptionist and welfare of their Students. Cheektowaga Union East, is sued in its official capacity.

6

9.    Defendant, Melissa Mitchell, Principle of Union East of Cheektowage [or Jane Doe], is responsible for the welfare of students, and oversees the Schools staff. She is sued in her official and unofficial capacity

10. Defendant, Assistant Principals of Cheektowaga Union East, Stephanie Anderson [Jane Doe] and Julia Hameli [Jane Doe], is responsible for the welfare of students, and oversees the schools staff and welfare of students. She is sued in their official and unofficial capacity.

11. Defendant, Security guard [John Doe] of Cheektowaga Union East, is responsible for the welfare of staff and students. He is sued in his official and unofficial capacity.

12. Defendant, Town of Cheektowaga, is responsible for the overall operation of Town of Cheektowage employees and residents under its jurisdiction. Town of Cheektowage is sued in the official capacity.

13. Defendant, The City of Buffalo, is responsible for the overall operation of the City of Buffalo, employees

and residents of the City of Buffalo, Buffalo City, is being sued in its official capacity.

14. Defendants, Attorney Emily Trott Esq. and Attorney Robert Cutting Jr. Esq., under assigned Counsel Program, Aid to the Indigent Persons, in their capacities, they failed to perform duties by law as counselors id Erie County representing the defendant in his criminal and constitutional proceeding rights. Trott and Cutting Jr. Esq. are both sued in their official and unofficial capacity.

15. Defendant, Attorney Paul Dell, Esq., retained Counsel, in his capacity failed to Protect defendants Constitutional, fundamental, Statutory rights in the Criminal proceeding, Erie County. He is sued in both official and unofficial capacity.

16. Defendant, Attorney Clayton J. Lenhardt, Esq., attorney at law, failed to Protect defendant Constitutional, fundamental rights, Statutory rights, human rights, civil rights in civil case In matter of Adam Bennfield in Family Court, Erie County. He is sued in both official and unofficial capacity.

17. Defendants Ryan D. Haggerty, Esq. Attorney A.D.A and A.D.A Gina M. Cramaglia, Esq. Attorneys, acting on the behalf of the People, Erie County Criminal Court, failed to perform duties based on clearly established Federal, State Constitutional provisions, Civil Rights Law, Statutory Law. They both are sued in their official capacity and unofficial capacity.

18. Defendants, A.D.A Justin M. Caldwell Esq., A.D.A Colleen Curtin Gable, Esq., Attorneys, acting on the behalf of the People, Erie County Criminal Court failed to perform duties based on clearly established Federal, State Constitutional provision, Civil Rights Law, Statutory Law. They both are sued in their official and unofficial capacity.

19. Defendant Acting District Attorney (D.A. John Flynn) acting on the behalf of the People, Erie County Criminal Court, who trains, supervises/ created a policy custom under which plaintiffs Constitutional rights were violated, was grossly negligent and did not supervise the subordinates and has failed to remedy the violations based on clearly established Federal, State Constitutional provisions, Civil Rights Law,

Statutory laws. They both are sued in their
official and individual capacity.

20. Defendant Michael, _____, Declive,
Cheektowaga Police Department Town, and/or
Town of Cheektowaga, in individual and
official Capacity.

21. Defendant, Erie County Medical Center, (PEP/
CPAP of Erie County, in official Capacity.

22. Erie County Bar Association (ECBA),
Defendant, Erie County, failing to properly train,
supervise employees, allowing unconstitutional
policy or custom to continue in their official
Capacity; due to the failure of its employees.

23. Each defendant at all times mentioned
in this complaint, acted under color of state law.

## III. FACTS

24. Relevant herein, upon information and
belief since Sept. 28, 2022, a physical
altercation took place between the Plaintiff

and his wife. Due to a video posted by Plaintiff wife, of the house, where Plaintiff installed the video surveillance system, online. In addition to the media storm and frenzy, a general conspiracy to identify all relevant parties began, and since has continued.

25. Plaintiffs children was utilized as a form of ransom, after plaintiff got out of CPEP/CPAP of ECMC, a TOP was issued in his behalf against his wife (Exhibit A) by family court. A previous Refrain from TOP, was issued against his wife several months earlier (Exhibit B).

26. This Criminal case People v. Adam Bennefield, initiated October 5, 2022, has went on for over two years (Indictment Exhibit C). The presiding judge is William M. Boller, Honorable J.S.C, Erie County.

27. At the last court hearing of October 17, 2024 before Honorable William M. Boller, Defense Counsel Paul Dell Esq, refused to address the court orally in regards to ineffective assistance of original

Counsels Emily Trott Esq and Robert Cutting Jr of
the Assigned Counsel Program (Exhibit E, intro
letter from Emily Trott). How the assigned
counsels and the Court blamed Assigned
Counsel Program and their failures for not
supplying a copy of the pretrial transcript
(see Exhibit F, Transcripts pg 1 - 6; see
also Pro Se motion for Transcripts Exhibit G),

28. Upon information and belief, attorney
Paul Dell, Esq, was sandbagging on his duties
as Counsel for defendant, by not raising
issues till the Court couldn't decide the
motions, issues to either before trial or
during and/or after. Thereby preventing defendant
from appealing any erroneous denials to a higher
Court before trial. Some of these issues of Federal
and State Constitutional provisions are:
    A. Ineffective Assistance of Assigned Counsel
    B. Invidious Discrimination by the Court
    C. Speedy Trial Violation under CPL 30.30,
    CPL 30.20, Due Process Federal and State
    Constitution
    D. Denial of the timely right to put a
    defense.

For Failure of the People to fulfill their
Brady, Giglio, Rosario, Baxley, Ulett,
Viterli, and CPL 245.20 (1) (a-u);
CPL 245.20 (1) (K) (i-vii) which
incorporated the same.-

Attorney Paul Dell Esq. was advised as earliest as
Oct 31, 2023 - Feb 14, 2024 by oral and
written letters (Exhibit G, letter to Counsel and
the Court) Counsel said he would retype it and submit
it, per our quasi-Pro-se attorney client relationship.
He did not provide it to the people nor did he
Submit any of the arguments, while cases were getting
reversed and relief pursuant to CPL 245.80, and
under Due Process rights violations.

28.    At the last hearing October 17, 2024 before
Honorable William Boller, Esq., defendant/Plaintiff was
forced to speak up and assert these violations
while the Court could resolve these complaints
and constitutional violations, However, the Hon.
Boller chilled the defendant/Plaintiff and said the
Trial would continue as planned without deviation
That these claims should've been asserted by counsel
before this time. He reminded the people, defense
Counsel, and spectators and observer in the courtroom that

regardless of any rights violation. The trial would not be altered, delayed nor prevented. Plaintiffs family was in the court room observing and can attest to the Same, if the transcripts aren't complete.

30. Plaintiff herein, also requested the missing discovery be brought to the defendant/Plaintiff for the record and ensure a fair trial. The Judge Hon Boller, was unwilling to require these Material to be produced. Upon Information and belief the Hon Judge Boller was and is not only impartial, bias, but is interested in keeping the record clear of misconduct by officials, detectives, A.D.A's, defense Counselors. No fair trial can be had, as he is the administrative judge and theres pressure from Political, Agencies to get a conviction and keep the "official story" Clear of the Truth and Fact finding process.

31. The Honorable Judge William M. Boller, in his Capacity as a judge allowed the conduct in his courtroom to continue, even in the wake of violations since 2013 (Exhibit I, letter to the Court complying of defense Counsels that were assigned

32. Upon information and belief, the

Hon. William M. Polley together with his
Co-conspirators, is forcing defendant to trial
with no defense, intentional deliberate, and with
incomplete tools for a proper adversarial
System, as required for Federal, State Due
Process rights and fair trial rights.

33.    Honorable Sharon M. Lovallo, JRC of
Erie County, in her Capacity as a drug has
as well been impartial bias, and complicity with
others against defendant/Plaintiff and the
Paternal side of Aiden Benefield Jr interest.
Hon. Lovallo, has in contravene of Plaintiff
rights refused to allow the Paternal Grandparents,
their constitutional rights to see their grandson,
to break the relationship chain and punish his
side of the family for Plaintiff, fictitious alleged
mis deed, who allegedly called into question her
fitness as a judge and her decisions, by the
Plaintiff, Public and Domestic Violence agencies,
due to their belief of the peoples version and
advertised events.

34.    Upon information and belief, Hon. Lovallo,
in Working with the Court officials have concocted
techniques to Void and bypass defendant/Plaintiff

Constitutional rights. By holding proceedings in chambers. Officially telling counsel to supply Plaintiff with transcripts and discovery. Yet off the record having counsel Lenhart, delay discovery, not provide discovery nor transcripts to prevent the record from being expanded, deprive defendant of the ability to dispute the allegations, and prevent him from using the biasness and conspiracy in Supreme Court of Erie County before Hon. Williams M. Boller

35. To prevent defendant/Plaintiff from expanding the record. Upon information and belief the Court has spoke with the District Attorneys office off the record through ex-parte conversations. See (Exhibit I and Exhibit J, Letters from Counselor Lenhardt, indicating same, to prevent contaminating testimony of Some witnesses). This was another circuitous methods of bypassing defendant/Plaintiffs right to address the Courts as well as his witnesses. Same as Hon. Boller. All to defendant/Plaintiffs detriment.

36. Petitioner/Plaintiff also tried to file a motion, but with the Court prose and position,

it blamed the motion for transcripts, discovery, visiting rights etc. on a unconstitutional practice of banning Pro Se litigants who have counsel (Exhibit K, letter from court) See also, Plaintiffs Pro-Se motion to the court (Exhibit L). This was done to circumvent evidence coming to light. Counsel followed suit and either refused to respond nor in general did not provide the requested to deprive defendant/Plaintiff petitioner from asserting his constitutional rights to be apprised of the charges, the basis, and to defend against allegations, and the penalty of other rights. This, is a continued violation and a conspiracy with Supreme Court Bailer, Hon. JSC, trial counsels and the District Attorneys Office with the other defendants in this Complaint.

37. Upon information and belief Erie County Assigned Counsel Program, designed after Gideon V. Wainwright and Griffin v. Illinois, is for indigent defendants. Lawyers are assigned and are to give effective assistance. They are to train, supervise, use effective policy and customs, that Was all lacking in this case, for Attorneys

Emily Trott Esq. and Robert Cutting Jr. Esq. and any other attorneys representing the Plaintiff in this matter. In their capacity they failed to oversee Trott and Cutting Jr. and refused to provide Plaintiff with information to provide evidence of ineffectiveness, as questions arose (see Exhibit M, letter to Agency Erie County Assigned Counsel Program). The agency also refused to pay for Transcripts or a timely mental examination, according to the Court (Transcripts dated 4/11/23 Exhibit N; and Emily Trott and Co-Counsel Cutting Jr. Omnibus Motion, that was untimely (Exhibit O).

38. For one year, between Oct 6, 2022 when assigned counsel allegedly assigned Trott and Cutting Jr. Esq's, they failed to oversee counsels representation, and allowed the policy and custom of not challenging missing discovery, Brady Gylio, Rosario, Bexley, Ulott, Vilardi material CPL 245.20(1)(a-u), CPL 245.20(1)(a-u) and not challenging defective C.O.C's and Speedy Trial violations under Suchness. This, upon information and belief was additionally used in this case to prevent a fair trial with the Public Outcry

and political pressure. The Assigned Counsel Program collaborated with the Judge Boller and the D.A.'s Office, to allow the conviction be found without adequate protections for the Plaintiff with obvious deficiencies in the peoples case.

39. The State of New York, is responsible for funding of the Towns, Cities, schools, and protection of its citizens. In their compacity, they failed to prevent acts of meticious nature by their Judicial Failures. Including the Judge William M. Boller, Esq, JSC Sharon M. Levella, Esq JFC, and its agents. Knowing these individuals and agencies and defendants refuse to follow the Constitutional mandate of defendants/Plaintiff right to Due Process, State of New York failed to properly train and utilized a policy and custom of depriving the defendants to have a fair trial with the necessary tools to fight their case. The State of New York allowed wrongful, reckless, negligent, deliberate acts of its employees, to deprive defendant/Plaintiff of his constitutional rights, civil rights, fair proceeding rights. In addition which allowed Detectives and Co-conspirators to Blackmail defendant Plaintiff with physical and Emotional, psychological coercion to bring

about an Injust conviction and spawn a
mentally deficient, emotionally disturbed
individual to be manipulated, decieved
into, accoding to the people, commiting a
more serius crime in order to convict him
of more then misdeemnor charges. After,
a media blitz and overzealous zeal to
prosecute Plaintiff in direct violation of
his fundemental rights and fair treatment
due process rights.

40. Upon information and belief, the State
of New York State agents and employees, in the
Wake of massive number of School shooting
and mass killing jeopardized the children
of Union East of Cheektowaga, when they
blackmailed the defendant to turn himself
in for a crime not charged as of the time
of issuence of TOR, and upon fulfilling his
side of the obligation of his blackmailed side,
ded a 3(e), convinced by Cheektowaga Detective
Michael Striegwske, of Town of Cheektowaga to
convince atleast four to five other of the
defendants to violate an active TOR (Temporary
Restraining Order, Exhibit A), issued on



10 /3 /22 by Family Court, Reinforced by Cheektowaga Town Court, who modified, easy by terms of Family court order & The People refuse to allow Petitioner to get a full unaltered transcript and audio of the proceeding in Cheektowaga Court on 7/28/2022,

41. Upon Information and belief, the Prosecutors office, in conjunction with A.D.A's Ryan D. Haggerty, Esq.; Gina M. Granglia, Esq.; Justin Caldwell Esq; Collen Curtin Gable Esq.; District Attorney John Flynn Esq; Acting District Attorney Michal Keane Esq.; Intentionally acting in concert, have refused to provide legally clearly establish requirement for Brady Material, Giglio, Rosario, Vilardi, Ulett, Baxley Material, CPL 245.10 et seq. CPL 245.20(1)(a-v); CPL 245.20(1)(K) (1-vii) to the defense under a violation of Equal Protection, Due process, Right to fair trial, to present compulsory witnesses in his favor, to present a defense, to a impartial tribunal under clearly established Federal, State Constitution, State Statues, civil rights. This was deliberate with intention to deceive the defendant, the Court



the public, the victims as alleged by the Plaintiff working with the Courts (Family Court Sharon M. LoVallo, Hon. JFC Erie County and Hon. William M. Boller, JSC Erie County and with the other defendants in this case, including all defense counsels for the defendant and the Police). The objective of suppressing evidence to selectively use evidence they believe fits their narratives for conviction, and deprive Plaintiff of his rights to a fair trial. Which has been done effectively till this eve of trial and continues.

42. Upon information and belief, defendant / Plaintiffs gives a copy of the Original Certificate of Compliance for their discovery obligations (Exhibit P, Peoples COC for Aden Benefield) compare with (Exhibit Q, Jeremy Griffin COC from the same office) Defense Counsel Emily Trott and Cutting Jr. Esq. for Plaintiff refused to challenge the missing discovery, besides in a perfunctory ritualistic manner in their Omnibus Motion dated Feb 6, 2023 Filed Feb. 14, 2023 in Court (Exhibit Q, Emily Trott & Co-Counsel Cutting Jr. Esgs Omnibus Motion). compare with a Sample omnibus motion (Exhibit R, Sample

Omnibus motion). Defense counsels for Plaintiff was in a conspiracy to convict defendant/Plaintiff and force him to a trial with a suppression of evidence to pacify the People, Courts, Judges. The technique of hide and seek, etc., when inefficient to quell Plaintiffs inquiries, defense counsels delayed evidence, delayed filing motions. Specifically filed requests, and sand bagged on filing timely motions. Every motion by defense counsels in this case was either untimely, not filed (Speedy Trial) and meant to be denied through complexity and circumvention through circuitous techniques, such as suppression and soon limiting instruction to obscure evidence, defenses and arguments. All ritualistic and to give the appearance of fairness, in actuality anything but fair, appearance of fairness.

43. Upon information and belief the District Attorney John Flynn, D.A., and Acting District Attorney Michael Keane D.A are aware of the custom and practice of suppression of evidence by the A.D.As in Erie County. In this high profile case their failure to train, supervise these attorney allowed the A.D.As to trample over defendant

23

Federal and State Constitutional rights, Equal Protection, Due process, right to a fair trial, Statutory right to speed trial, discovery, In order to obtain conviction through zeal to punish,

44. Upon information and belief Detective _____ of Cheektowaga Police Department, Town of Cheektowaga, illegally and unlawfully Blackmailed Plaintiff, and emotionally Disturbed Individual to turn himself in for an uncharged Crime, in order for him to enforce an active TRO from family court (Exhibit A, TRO dated 12/30/2022), to give defendant/Plaintiff his children, or they would be allowed to go to defendant/Plaintiff Wife, who at the time had two restraining orders against her. A Refrain from restraining order dated 2/30/2024, issued by Cheektowaga Court against his wife (Exhibit B, Refrain from TRO, by the Detective's Own Cheektowaga Court and Exhibit E Above). Plaintiff not only came to the court without counsel with his Parents in the interview room, so he could keep his kids safe. Upon being arraigned the Cheektowaga Judge agreed the restraining order

Was effective from Cheektowaga. That Plaintiff would be allowed to get his kids, but his wife would be allowed to stay at the house. Plaintiff had to take his kids elsewhere. After leaving courthouse and going to the school. School officer was called, Plaintiff denied his kids. Plaintiff instructed officer and School Staff of Cheektowaga Union East, the Defendants to call Cheektowaga Court. However, they in complicity called the Cheektowaga Detective, who after a hour conference call with Plaintiff and school officials rescinded his blackmail and instructed the school staff and school officer to break, disregard, and don't enforce an Active restraining order. Petitioner/Plaintiff enraged left.

45. Upon information and belief the complicitors and conspirators, fundamental put the school students and staff in a possible dangerous situation. Especially in the advent of mass shootings and school massacers. This is outrageous conduct, and was meant to enrage, coerce the Plaintiff to commit a crime so as to punish for a felony, due

to the publicity from the video of the assult where
the children were no where present. Two were in
school, the son, six months old, was in the
back room, 30 feet away, and could not
hear, nor see said altercation. The officers
Creative zeal to punish defendant / Plaintiff
for the incident he already knew about, violated
the law, in order to enforce the law and couldve
had disastrous results. A violation of due
process and was outrageous conduct.

46. Upon information and belief, after
the alleged murder, that defendant/Plaintiff
alleged did and the purported perp. The people
working with Buffalo Police department, searched
defendants/Plaintiffs house and Car under a
false guise, to search for and destroy any
favorable evidence, Brady, (Giglio, (CPL days 30
(1) (a-4); CPL 245.20(1) (K)(I-vii). Including
electronic evidence in phone records, media
accounts, email accounts, electronic storage
mediums, even documents such as divorce papers,
Plaintiff was filling out, videos of wife whipping
6 month year old baby, our son, and assaulting
their children with hands, shoes etc, when

in a drunken stupor, sometimes in a sober mind frame. The people have this evidence, but have intentionally suppressed and/or destroyed so as not to show the danger of the victim towards their kids.

47. If it was determined that the Plaintiff did commit these crimes, the impitus or actus reas, could've and would've been infected by the officers misconduct, making any act a product of transferred intent, through a chain of events from police misconduct, overzealousness, zeal to convict, through blackmail of fundamental Right to be left alone secure in home, work, school, free from overzealous acts of officers infringing on plaintiff family rights. Also convincing other to illegally violate the law and using all the other defendants in this case to suppress testimony and evidence, upon info and belief.

48. Upon information and belief, the people working in concert with defense counsels for the Plaintiff, have used counsels as a tool to avoid calling witness to support these claims. In a letter to the people and/or court

Attorney Paul Dell, Esq, refuses to call any witnesses, against the plaintiff explicit rights, Therefore bypassing the right to compulsory process and to have witnesses in his behalf for his defense. This technique, shrouded in smoke and mirrors, is done under the guise of strategy and tactics by defense counsel for the plaintiff, however, the true agenda was defense sabotage with the Councils from three Court, family court Erie County (parallel Case/Sister Case), Cheektowa Town Court of Erie County (parallel Case/Sister Case) and now Tammie Knudson pending as Administratrix of the Estate of Kevin Knudson v Town of Cheektowaga, Index No. 814386/2024 (Exhibit I).

49. Upon information and belief, in order for this Scandal to continue, Hon. William M. Boller, JSC, Erie County, working in concert with the District Attorney's Office, Cheektowage Town Court, Erie County Family Court, at the last hearing of October 19, 2024, with plaintiff family in the Courtroom, knowing and being advised that discovery Was missing, transcripts were missing, Plaintiff Was being denied a psychiatric defense, Plaintiff Was being denied due process, fair trial, Equal Protection.

Also working with defense counsels, stated in a not word for word sentences that although Plaintiffs right were abridged, the issues should've been raised by defense counsels earlier. That under no circumstances would the trial date be changed, a trial will be had immediately at Bany, Chief Judge said this case must be concluded. The Hon. Judge Boller of Erie County, then decided to state his rendition of Plaintiffs wifes murder, and his impartial views, He stated this, as the Chief Administrative Judge. Of Honorable, William M. Boller.

50. Upon information and belief, this is not the first time he has claimed Albanys pressure to conclude this case, regardless of Constitutional violations. See Transcripts Feb 14, 2024 (Exhibit U, total 8 pages). Not only has the Honorable Judge admitted defendant/Plaintiffs right to a speedy Trial has been violated, as of February 14, 2024. But even the District Attorneys office concluded the same claim, (See Exhibit V, People Motions to Preclude late CPL 250.10 notice, pg 7 and pg ___ )

51. Upon Information and belief, the Defendant ECMC (Erie County Medical Center) intook defendant Plaintiff on Sept 28, 2022, due to mental illness and alchol as a Emotional Disturbed Person, by way of 9.41 cell (Exhibit W, 9.41 and Bothe cell [9.41 of Mental Health (e)]. Instead of keeping the Defendant/Plaintiff based on his history of mental illness for 25 years, his entry into CPEP/CPEP almost one (1) year earlier; due to a psychotic breakdown both situations involving his late wife and infidelity. After defendant/Plaintiff parents told them not to let him out, he would be still unstable. Further, without Permission, notice nor consultation with Plaintiff Late wife, nor giving her the option of holding him. They let the Plaintiff out, prior to two days. Due to Plaintiffs history, they could've held Plaintiff for not only 72 hours, but more then 24 hours.

52. Upon information and belief, the Plaintiff on the previous CPEP admittance stayed for three days a year before. He was unstable had threats of harming himself and others, thus this was not an isolated instance.

53. Hence, upon information and belief, according to the allegation defendant/Plaintiff murdered his wife in a mental illness state, when he should've been detained. Due to the negligence, failure to train, failure to supervise, wrongful, unprofessional, reckless, neglectful, and the Defendants ECMC policy and customs, Petitioner/Plaintiff is alleged to have demised his wife in front of his kids.

54. Upon information and belief, the Defendant Dr. Ann Netasha Cervantes, if she wrote the report (Exhibit X Psych Report) as written, Would've been indicative of a conflict of interest, thus malpractice, given her bias and impartial report. According to her Dossier (Exhibit Y Ann Netasha Cervantes Dossier), She not only worked for ECMC previously, but the Assigned Counsel program where Emily Trott and Robert Cotting Jr. were fired from Plaintiffs case due to ineffectiveness. Thus she would have an interest in concocting a scenario, to ideammify her constituents of ECMC, and assigned counsel program. Certainly, she couldn't be seen, representing favorably, the accused in this highly Public and Political case, Any favorable report would possibly, by all

appearances, jeopardize her career as a Dr and medical professor. Thus she would have reason to cover up not only the misconduct of the other defendants. But hinder petitioners ability to get a timely fair trial by such late report. Also discredit any usage of witness in his behalf.

55. On the other hand, upon information and belief, if she did not right this report, defendant Dr. Cervantes, and/or it modified by a secondary party before it reached defendant/plaintiff hands. Then it would also indicate Sabotage of Plaintiffs defense from present favorable witnesses in his behalf.

56. In either case, this deficiency would not only be unanimous, but further evidence of Due process violation, Equal protection violation, right to fair trial, right to compulsory process, and other penalty of Federal and State Constitutional provisions and clearly established law. This would in either case amount to a conspiracy between any one of the defendants or multiple defendants to prevent a scandal and the truth and facts relevant to guilt, innocence or other facts

averred to within the moving papers).

57: Defendants, Sheriff John C. Garcia, and Chief Jeffrey Hartman of Erie County Holding Center, both are employees, agents of Erie County. In their supervisor role, they have the responsibility to oversee their subordinates.

58. Defendant, Sheriff Garcia, of Erie County, has allowed the Plaintiffs right to Access the Courts, to be infringed upon by taking the Plaintiffs legal work, refusing to give Plaintiff enough time in the Law Library. This either written and/or unwritten policy, is allowing these Unconstitutional policy and/or customs. The defendant Sheriff Garcia, has been grossly negligent in inadequately supervising the subordinates who took Plaintiff property, legal documents needed for an active case, multiple cases. With regard to the Law Library affecting defendants rights to access the Courts and petition the Court for redress of grievances and due process. The Sheriff Garcia defendant knew or should have know the policy of limited law library access, insufficient to adequately participate and

defendant against civil allegations, criminal allegations, and filing documents with the Court. That only one hour a week, would be insufficient to meet these needs, nor two or three hours a week to file timely documents and prepare them, at No fault of Deputy Brennan, nor Druiciak.

59. In addition, the Defendant, Sheriff Garcia, of Erie County, based upon information and belief was aware of the deficiency in the Law Library program and access to the Courts. As a Supervisor he knew of deficiency and failed to inform train subordinates on policies designed to avoid violation of Constitutional rights.

60. Chief Hartman, Defendant, directly aware under his supervisor role was and is deliberately indifferent of Plaintiffs need to access the Court timely, need to have his legal document, need for free copies, special access to the law library and materials, and property that included previous written motions, cases in support, exhibits with specific intention based upon information and belief, working in Concert with attorneys

Paul Dell Esq., the District Attorneys Office Staff, as a short arm of the prosecution, He was and is aware of the violation of client-attorney priviliged and has allowed the custom of copying legal mail and leaving access to said documents to any unscrupolous individuals, including the People to copy, disseminate, share the contents with other parties without Plaintiffs knowladge. Plaintiff has explained the violations to Chief Hartman through numerous internal complaints, appealled to the highest level. However, no actions in his behalf was taken sufficiently to address this deficiency. This has allowed the people, working in concert with the Sheriffs office, to circumvent Plaintiffs Constitutional, statutory, civil rights to prevent a defense, interfered with active cases, in an attempt to sabotage Plaintiff cases.

61.   Upon information and belief, the Defendant Chief Hartman, knowing Plaintiff has limited access to law library, effective assistance of counsel, and no carbon paper. Refuses to fix these unconstitutional deficiencies and refuses to give copies, than instead of getting free copies, since theres no carbon paper, limited law library access, Petitioner cannot

get timely copies, enough time to type documents legibly. One such motion was refused by the Court, according to the Judge, because of it being illegible. (See Exhibit Z, Pro-Se option for Transcripts; See Transcripts 4/11/2023) where Honorable Boller, JSC [Transcripts Altered deliberately] claimed it was unreadable, Exhibit AA).

62. Upon information and belief, Chief Hartman is working with Erie County District Attorney's office to frustrate legal proceedings, and prevently timely filing.

## IV. EXHAUSTION OF LEGAL REMEDIES

63. Plaintiff used the grievance procedures available at Erie County Holding Center to try and solve the problem. The grievances relating to this complaint, where applicable. Every available appeal that the Holding Center Allowed Plaintiff to Exercise, he utilized, all with denials, Plaintiffs property with legal documents, grievances, complaints decisions is within these documents are the People, Erie County Holding Center, refuses to return property and has been arbitrary, in deciding which documents,

when, where to provide to him, after they filter through
them and make choices unilaterally.

64. With regards to any other claims herein,
based on information and belief, all parties
involved, there is no plain, adequate or complete
remedy of law to redress the wrongs. Therefore,
with time being of the essence, the Defendants
being in tandem through complicity to prevent
exhaustion of legal remedies in Erie County Supreme
Court, Justice Hon. William M. Boller JSC, Erie
County Family Court, Justice Hon. Sharon M. Lovallo,
JFC, the other Defendants named herein.

65. Upon information and belief, any
claim that does not have an exhaustion requirement,
or akin is Criminal Court, William M. Boller, JSC
and Family Court Sharon M. Lovallo of Erie County,
working with Plaintiffs attorneys, have prevented
timely litigation, preservation, appeals. Through
gamesmanship, the Courts, Erie County Supreme Court,
William M. Boller Hon JSC, Erie County Family Court,
Sharon M Lovallo, Town of Cheektowaga Court, have
prohibited petitioner/plaintiff from filing and/or
litigating clear ineffective counsel violations, systematic

failures of the State under and through Invidious discrimination and Equal Protection Violations. Hon Baller. Erie County Supreme Court Stated plaintiff must go through attorneys (Exhibit AA, Transcript 4/11/2023 pg 1-6) which was circumventely not filed although received through the mail. It was handed to counsels and Plaintiff told he has to go through Counsels Trott & Cutting Jr, also defendants in this case. As similiarly, Family Court Judge, Hon Lovallo, rebuked a motion (Exhibit L) respending no pro-se filing (Exhibit K) to prevent appeals, preservation and exhaustion.

66. Upon information and belief, and exhaustion not effectuated, was precluded by Family and Criminal Courts of Erie Counties rulings, The defendants in this case assisted in their constitutional violations, to prevent adequate fair trial, judicial process, and the Peoples putting hundreds of School children at risk due to police acting with and under the direction of Detectives and Cheektowege court, to violate clearly established Federal and State fundamental

rights to due process. Thereby, through these avenues, the Defendants were attempting to hide, suppress clear and unequivical Misconduct by all the Defendants. These Violations in this case are structural, procedural and urged by the people to hide these violation.

67. Upon information and belief, the Defendents can only hide this evidence of clear misconduct by forcing a trial and suppressing all favorable evidence, and evidence leading to other evidence. A reviewing court would only review exhausted issues and claims. Which the people used defendant/Plaintiff own counsels to retard, chill, frustrate, impede, thwart preservation issues till the Courts precludes, and forces successive retrials, after destruction and manipulation of evidence favorable to the accused. Thereby, any motion would be claimed to be futile, bypassing preservation under the Guise of Plaintiffs attorneys defense tactics and strategies. Thus each issue, must be deemed exhausted

V. LEGAL CLAIMS

69.5   Upon information and belief, as a result of the wrongful, reckless, negligent, and careless acts and/or omissions of the Defendants Plaintiff has sustained significant damages, including but not limited to unconstitutional detainment, pain and suffering, psychological damages, mental and emotional pain and suffering, lost wages, loss of future support and services, economic loss, and according to the People, wrongful death of his loved wife, Keaira Benefield, loss of his son, family, step children [Plaintiff specifically pleads the 5th US Const Amend, on causing his wife's death in front of his children].

68. Plaintiff realleges and incorporates by reference, paragraphs 1-67.

69. The clear violations of misconduct, suppression of evidence, denial of access to the Court, frustration of legal procedures, indifference to medical/Mental needs, unsafe practices, Violation of Plaintiffs Statutory rights, Constitutional Rights, Civil rights, violations of the clearly established Federal and State Constitutional amendments, Statutory law, Civil Rights Law, Including, Plaintiff Adam Bennefield, Sr rights and violated United States Constitution, First, Sixth, Fifth, Sixth, Eighth, Fourteenth; Right to petition the goverment for redress of grievences; Right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be Violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized; Nor shall any person be subject for the same offense to be put twice in jeoperdy of life or limb, nor shall be compelled in any criminal case to be a witness against himself, nor deprived of life, liberty, or

property without due process of law; Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted; No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction equal protection of the law. N.Y.S. Constitution almost identically incorporates the federal constitution in this paragraph; Article one, sections five, six, eleventh, fourteenth; Civil Rights Law 8 and 12 (eight and twelve) the other statues and laws averred to directly, indirectly which falls under the federal and State Constitutional provision to Due process and Equal Protection.

70. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein, plaintiff has been and will be continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

# VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiffs:

71. A declaration that the acts and omissions described herein violated plaintiffs rights under the Constitution and Laws of the United States.

72. A declaration that the acts and omissions described here in violated plaintiffs rights under the Constitution and Laws of New York, under Supplemental Jurisdiction, etc.

72. A declaration that the acts and omissions described here in are considered and determined to be outrageous government conduct that "shocks the Conscience" in Violation of Plaintiffs Due Process Rights Federal and N.Y.S. Constitutional Provisions and Civil Statutes stated and/or averred to.

73. A preliminary and permanent injunction

No. 01849-2022 entitled People of the State of New York vs. Adam Bennefield, Erie County Supreme Court; Family Court Docket No. NA-10624-22 V-10500-22, et al Erie County Family Court, entitled In Matter of Adam Bennefield Jr, et al.

73. The basis for the preliminary jurisdiction, is without this Courts help, Plaintiff will be forced to Trial without witnesses in his behalf, without a defense in his behalf, without effective assistance in his behalf, without due process in his behalf exceeding the bounds of speedy trial, and there would be a manifest injustice, miscarriage of justice and violation of Plaintiffs fundimental Constitutional rights. The Court, in conjunction with the other defendents of Erie County, are using trial by ambush, an is an ongoing, illegal practice by the defendant and money demages will not fix his injuries alone. Without this Courts help, Plaintiff ability to defend at trial and Plaintiff would be irreparably harmed. Upon trial before this Court, Plaintiff would likely proceed and succeed at trial before federal Court. Plaintiff will suffer more if the injunction is denied than the defendent will suffer if it is granted. Further,

that prevents the Defendants, Honorable William M. Boller, JSC, Erie County; Honorable Sharon M Lovallo, JFC, Erie County; District Attorney John Flynn (Acting District Attorney Michael Keane) of Erie County, their successors in office, agents and employees and all other persons acting in concert and participation with, from [enjoined from] taking any further action, prosecution on Indictment No. 73197-22/001, ECDA Legacy No. 01849-2022 entitled People of the State of New York vs. Adam Bennefield, Erie County Supreme Court; Family Court Docket No. NA-10624-22, V-10500-22, et al, Erie County Family Court, entitled In Matter of Adam Bennefield Jr, et al

74. Plaintiff seeks a Temporary Restraining Order, preventing the Defendants, Honorable William M. Boller, JSC, Erie County; Honorable Sharon M. Lovallo, JFC, Erie County; District Attorney John Flynn (Acting District Attorney Michael keane) of Erie County; their successors in office, agents and employees and all other persons acting in concert and participation with, from [enjoined from] taking any further action, prosecution on Indictment No. 73197-22/001, ECDA Legacy

a preliminary injunction will serve the public interest in the Truth-seeking function and fact-finding process, exposing the outrageous governmental conduct, and foster respect for the integrity of judicial processes and checks and balance system.

75. For the same reasons the Plaintiff seeks a permanent and preliminary injunction, Paragraphs 73-75, the plaintiff re-alleges and incorporates by reference into the Request for a TRO (Temporary Restraining Order) against the Defendants in Paragraph 73-75 Hon. Lavalle, JFC, Hon. Boller, JSC; D.A. Flynn (Acting D.A. Michael Keane) and each of their officers, agents, employed, and all persons acting in concert with or participation with them, waiting for a preliminary injunction would result in immediate and irreparable injury, loss and damage. All further proceedings under Indo # 73197-22/001, ECDA Legacy # 01849-2022; People v. Benefield; Court Docket # NA-10624-22, V-10000-22 et al., of Erie County must be ceased and desisted immediately, to preserve evidence, testimony, rights, discovery, Brady materials Giglio Material, the right to a fair trial before a fair tribunal, and to prevent spoilation of evidence and further conspiratorial

acts of outrageous governmental conduct, a Due Process violation, including circuitorious methods.

76. Plaintiff seeks a Preliminary injunction and temporary restraining order against Erie County Sheriff John Garcia, and Chief Hartman Erie County Holding Center and each of their officers, agents, employers, and all persons acting in concert with or participating with them requiring them to return defendants/Plaintiffs property including legal documents, motion paper work, cases, privileged correspondence and work products, etc. taken from plaintiff on about 6/26/2023; to stop interference with access to the Courts, including but not limited to copying of plaintiffs Legal mail, privileged correspondence, requiring plaintiff to be given at least ten (10) hours weekly access to the Courts, through Law Library access; Allow Plaintiff to send out legal and other documents with family visitors to attempt to meet court deadlines, requiring the court to allow free legal copies, postage, special handling cost to meet their Court deadlines, imposed in conjunction with parallel proceedings, sister proceedings.

77. Plaintiff seeks a preliminary injunction requiring the Hon. William M. Boller, JSC. from forcing trial to begin without due Process and Equal Right Constitutional Protections, against clearly established Federal and State constitutions and laws, which would result in irreversible harm to defendant and the interest and integrity of the Justice System and government.

78. Plaintiff seeks a preliminary injunction against the Defendant, Hon. Sharon M. Lavallo, requiring the court to inform the Court why they've punished the children alleged to have been victimized, and defendants parent, the children paternal Grandparents, from seeing each other, in violation of clearly established Federal and State Constitutional Amendments and decisional laws, punitively, maliciously, capriciously and a complete abuse of discretion.

79. A preliminary injunction against Acting D.A. Michael Keane, D.A. Frank Clark, All A.D.A's involved with this case, Hon. William Boller all of Erie County, to bring forth evidence

why in violation of Equal Protection rights and Due Process rights, the People and Court failed to provide defendant with the Discovery, Brady, Gylia, Rosario, Vilardi, Baxley, Ulett, CPL 245.10 (1) (k) (i–vii); CPL 245.20 (1) (a–u); CPL 245.10 et seq; and allowed such perversion and frustration of Judicial processes by treating Plaintiff Adam Benefield, and his rights to information which above is treated completely unequal to other defendants. Petitioner/Plaintiffs COC (Certificate of Compliance Exhibit P) another defendants COC (Certificate of Compliance, Jeremy Griffin (Exhibit Q) another COC, Terence Hennegan and Christian Palonara (Exhibit A). Why when the court was advised of these deficiencies, no attempt was made nor addressed to repair this Constitutional wrong, prior to anticipated trial and Peoples justification for violations of the Defendants rights.

80. A preliminary injunction and declaratory judgment, explaining that Plaintiff is entitled to the Protections of Due Process and Equal Protection. That U.S. Constitution, NYS

49

Constitutional provision and civil rights laws
require that whether a defendant /Plaintiff has
a heinous crime charges against him or not,
he is still entitled and its required under
Due Process and Equal Protection, to be provided
with Equal treatment of laws, available
defenses, Statutory laws and equal treatment.

81. Compensatory damages in the amount
of $ 5,000,000 against each defendant,
jointly and severally.

82. Punitive damages in the amount of
$ 10,000,000 against each defendant, jointly
and severally.

83. A jury trial on all issues triable by
jury.

84. Plaintiffs' cost in this suit

85.

85. Any additional relief this court deems just, proper, and equitable.

Dated: Adam Benefield  Oct. 22, 2024

Respectfully Submitted

Adam Benefield, 44965

Erie County Holding Center

40 Delaware Avenue

Buffalo, New York 14202

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matter alleged to be on information and belief, and, as to those, I believe them to be true. I certify perjury and penalty of perjury that the foregoing is true and correct

Executed at Buffalo, and New York on October 22, 2024

Adam Benefield of plaintiff

51

In the United States District Court
For the Western District of New York
_____ X

Adam Bennefield, Sr.
            Plaintiffs,

                                    DECLARATION

        vs.                         ADAM
                                    BENNEFIELD

Honorable Judge
William M. Baker, JSC.
Et al;                              Civil Action No.
            Defendants
_____
_____ X

ADAM Bennefield hereby declares:
        1. I attended the ~~status~~ Proceeding,
Check back hearing on October 17, 2024,
with regards to Adem Bennefield. Case was
People of the State of New York v. Adam Bennefield
Ind. #73197-24/04 at the Erie County Supreme Court.

        2. I heard the fully colloquy that

took place between the Court, Counsel, defendant and District Attorney.

3. I also observed that there were two additional Caucasian individuals in the Courtroom as well. The hearing took place around eleven o'clock a.m. When defendants Case was supposed to be brought before the court. The proceeding was temporary postponed from starting, due to counselor Pell Dell, Esq, being absent to the hearing. It started when Counselor Paul Dell Esq, came in, and the Defendant was brought forth soon there after to start the proceedings.

4. A argumentative debate took forth between Defendant and Counsel Dell. As defendant wanted to speak to the Court and Atty Paul Dell, did'nt want him speaking. At one point defendant spoke to the Court, telling the hon. Judge he had something to say. Court Judge Boller, chided the defendant for speaking.

5. I observed defendant speaking more

prudently and urgently with the Counselor Dell. At one point, the Hon. Judge Foller again chided defendant, and chilled his attempt at speaking with Atty. Dell why the Court was speaking.

6. After numerous arguments and protests civilly between Counsel Dell and the defendant. The Court finally relented, and asked attorney Dell if he wanted the defendant to speak. Attorney Dell reluctantly allowed defendant to speak.

7. I saw the defendant with numerous documents and he addressed the Court, saying numerous things, such as:

A. He was being denied Due Process
B. He was being denied Equal Protection
C. He was being denied the right to have a defense put forth in his behalf.
D. He was invidiously discriminated against due to a systematic failure including

(i) refusal of assigned counsel

to provide funds timely for
mental examine and transcripts

(ii) late mental examination,
due to Court and D.A's failure
to have defendant evaluated
knowing his mental state would
be at issue pursuant to Aken
Oklahoma.

E. Defendant protested about the
Certificate of Compliance being
Complete defective, and that in
the Courtroom as evidence he had
another persons, Jeremy Griffins
more reliable Certificate of
Compliance (COC). I understood
as well that he had more evidence
and COC as well, gleaning from
Defendants Statements as proof.

F. Although the colloquy was
more in depth and Defendant
had much more to say, he
was shut down by the Court.
However, not before he explained
the many failures.

None of his allegations was countered with

any contentions of the falsity of his Statements
by the Court, the People, nor defense Counsel.

8. Before the conclusion of the
hearing the court spoke of its disgust with
the defendant and the pressure from Albany.
I recall statements like and or events said
like ( By the Judge William M. Boller)

A. You blew your wife's brains
out in front of her kids

B. Administrative judge in Albany
wants this defendants case
concluded and closed.

C. There will be no delay for
any reason. We will start trial
and picking Jurors in November.

D. Counselor should've revised the
deficiencies

E. The court viciously closed the
hearing.

The Hon. Judge was angry + and was yelling at
the defendant and pointing at him why he
spoke to and at the defendant.

9. The defendant, during these colloquies

that the Court and DA's are suppose to have a dual roll; and not just convict but see justice is done and defendants rights are protected. But in this case, the Court and DA's failed in their duties.

9. Defendant addressed the court, speaking of late cell phone extraction over 16 months after purported crime that was harmful to the defense, which was not addressed by the court or no one else. He raised numerous violations to the court, None of these violations were addressed on the merits.

10. Even one such time, I heard Defendant address the court, stating their was misconduct and the people are using the Council as a pawn to thwart rights to appeal. To force the case to trial, without preserving issues, or to late to be effective. The Court was absolutely not happy with defendants claims.

11. Defendant also stated their was a pending lawsuit, and evidence would come out that people are trying to hide, such as misconduct.

The only time the prosecutor spoke was of this point. Where the judge claimed its not relevant (The wrongful death of Keaira Hudson) and asked the people their opinion of whether it was relevant, the prosecutor said no. Defense counsel said nothing in response.

12. If the transcript and recording of this proceeding is produced and accurate. I'm sure it would reveal the complete truth, minus minute errors in reference to exact words was used.

I declare under penalty of perjury that the foregoing is true and correct. Executed at City of Buffalo, State of New York on 10/23/24.

Adam Bennefield

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Adam Bennefield Sr.

## DEFENDANTS

Honorable William M. Boller JSC

**(b)** County of Residence of First Listed Plaintiff    Erie
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Erie
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro-Se

Attorneys *(If Known)*

24 CV 1064

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product    Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument |     Liability / [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &    Pharmaceutical | | **INTELLECTUAL** | [ ] 410 Antitrust |
|     & Enforcement of Judgment |     Slander    Personal Injury | | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'    Product Liability | | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted |     Liability / [ ] 368 Asbestos Personal | | [ ] 830 Patent | [ ] 460 Deportation |
|     Student Loans | [ ] 340 Marine    Injury Product | | [ ] 835 Patent - Abbreviated | [ ] 470 Racketeer Influenced and |
|     (Excludes Veterans) | [ ] 345 Marine Product    Liability | |     New Drug Application |     Corrupt Organizations |
| [ ] 153 Recovery of Overpayment |     Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 480 Consumer Credit |
|     of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | | [ ] 880 Defend Trade Secrets |     (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle / [ ] 371 Truth in Lending | |     Act of 2016 | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract |     Product Liability / [ ] 380 Other Personal | | |     Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal    Property Damage | | **LABOR** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |     Injury / [ ] 385 Property Damage | [ ] 710 Fair Labor Standards | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury -    Product Liability |     Act | [ ] 861 HIA (1395ff) |     Exchange |
| |     Medical Malpractice | [ ] 720 Labor/Management | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |     Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | [ ] 751 Family and Medical | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate |     Leave Act | |     Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/    Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability |     Accommodations / [ ] 530 General | [ ] 791 Employee Retirement | [ ] 870 Taxes (U.S. Plaintiff | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities- / [ ] 535 Death Penalty |     Income Security Act |     or Defendant) |     Act/Review or Appeal of |
| |     Employment | **Other:** | | [ ] 871 IRS—Third Party |     Agency Decision |
| | [ ] 446 Amer. w/Disabilities- / [ ] 540 Mandamus & Other | **IMMIGRATION** |     26 USC 7609 | [ ] 950 Constitutionality of |
| |     Other / [X] 550 Civil Rights | [ ] 462 Naturalization Application | |     State Statutes |
| | [ ] 448 Education / [ ] 555 Prison Condition | [ ] 465 Other Immigration | | |
| | [ ] 560 Civil Detainee -    Actions | | | |
| |     Conditions of | | | |
| |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. § 1983

Brief description of cause: Constitutional / Civil / Rights Violation Federal and State

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   360,000,000

CHECK YES only if demanded in complaint:

JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE   Hon William M. Boller, Erie County JSC    DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____